432 So.2d 1371 (1983)
Valerie HYLAZEWSKI, et Vir, Appellants,
v.
WET 'N WILD, INC., etc., and Empire Fire and Marine Insurance Company, Etc., Appellees.
No. 82-1000.
District Court of Appeal of Florida, Fifth District.
June 16, 1983.
*1372 Curtis G. Levine of Baskin & Sears, P.A., Boca Raton, for appellants.
Leslie King O'Neal of Markel, McDonough & O'Neal, P.A., Orlando, for appellees.
ORFINGER, Chief Judge.
Appellants, plaintiffs below, appeal the final order dismissing their action for damages, contending that their second amended complaint stated a cause of action and should not have been dismissed on appellee's motion. We agree and reverse.
Count I of plaintiffs' second amended complaint alleged in substance that plaintiff Valerie Hylazewski (plaintiff hereafter) was a paying patron of defendant's swimming facility; that while she was in defendant's pool as a swimmer, an inflatable raft on which another patron was riding and which was provided by defendant was violently hurled into plaintiff because of the action of a wave-making machine in the pool, causing her serious injury; that the propensity of the wave-making machine to hurl rafts into swimmers created a dangerous condition not known to plaintiff; that defendant was negligent in permitting swimmers and patrons on inflatable rafts to be present in the same pool with the knowledge that the wave action could hurl rafts and their riders into swimmers; that defendant was also negligent in not warning plaintiff of the danger created by the presence of inflatable rafts combined with the action of the wave-making machine, which danger was or should have been known to defendant, but which was not known to plaintiff. This count further alleged that defendant thus breached its duty of maintaining its premises in a reasonably safe condition and of warning plaintiff of concealed perils of which defendant knew or should have known, and which were not known to plaintiff and that the breach of this duty proximately caused plaintiff's injury. Plaintiff's husband joined the action in a count seeking his derivative damages.
In determining whether a complaint states a cause of action, we assume the truth of all well-pleaded allegations. See, e.g., Kaufman v. A-1 Bus Lines, 363 So.2d 61 (Fla. 3d DCA 1970). Unquestionably, plaintiff was an invitee on defendant's premises, as a paying patron of the facility. McNulty v. Hurley, 97 So.2d 185 (Fla. 1957). Generally, an invitee is owed two specific duties by an owner/occupier of land: (1) to use ordinary care in keeping the premises in a reasonably safe condition, and (2) to give timely notice of latent or concealed perils which are known or should be known to the owner, but which are not known to the invitee. Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989, 990 (Fla. 2d DCA 1980).
Appellee argues that there is no duty to warn of a danger which is open and obvious to the patron, citing Payne v. City of Clearwater, 155 Fla. 9, 19 So.2d 406 (1944), where the court held that because it was perfectly obvious to anyone who used a diving board in a swimming pool that the board would be wet and slippery from the *1373 very nature of its use, it was therefore unnecessary (thus not negligent) for the owner to warn of the slippery condition. However, accepting the facts alleged to be true, we note that the pleading alleges that the wave action in the pool created an inherently dangerous condition in that rafts and their riders would be hurled into persons innocently standing in the pool; that plaintiff did not know of the propensity of the wave action to throw rafts and riders into bathers, and that defendant failed to warn plaintiff of this danger. We hold that these allegations sufficiently allege a breach of the duty owed by the proprietor of a place of amusement to his invitees.
Knowledge of the condition by the invitee such as obviates the necessity of warning does not discharge the owner's duty to keep the premises in a reasonably safe condition by correcting dangers of which the owner has actual or constructive knowledge. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). Even in the presence of knowledge of the condition by the patron, there may still exist an obligation to warn of unreasonable risk of harm to the patron reasonably foreseeable by the owner. Prosser, Law of Torts, 394-395 (4th Ed. 1971), states the rule this way:
Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, but which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions, it may normally be expected that the visitor will protect himself. It is for this reason that it is so frequently held that reasonable care requires nothing more than a warning of the danger. But this is certainly not a fixed rule, and all of the circumstances must be taken into account. In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precaution may be required.
In the light of the allegations that the wave-making action created an unreasonable risk of harm to plaintiff for the reasons already discussed, coupled with the allegations that plaintiff was unaware of the danger, the complaint appears to state a cause of action in negligence and presents factual issues for determination by a jury.
The final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I agree the second amended complaint states a cause of action but not because the defendant amusement park must warn of every risk of harm or danger which is, or should be, obvious and clear to, and foreseeable by, any participant in the amusement activity, and not because an owner is responsible for an "unreasonable" risk of harm (whatever that is) notwithstanding an adequate warning or that the risk is obvious to a voluntary participant. I see the defendant's arguments against the sufficiency of the complaint as essentially being that because the risks of harm involved in the activity here were, or should have been, obvious to all observers, that the plaintiff assumed the risk of the harm she received by voluntarily participating in the activity.
Under the principles of comparative negligence, implied assumption of risk is no longer recognized as a separate affirmative defense which absolutely bars recovery. Instead, the concept has been merged into the defense of contributory negligence, Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), which itself remains an affirmative defense (see Fla.R.Civ.P. 1.110(d)) to be pleaded by the defendant rather than negated by allegations in the plaintiff's complaint.