473 So.2d 226 (1985)
Conrad A. SPAULDING, and Betty Spaulding, His Wife, Appellants,
v.
CITY OF MELBOURNE, Etc., et al., Appellees.
No. 83-1809.
District Court of Appeal of Florida, Fifth District.
June 27, 1985.
Rehearing Denied July 31 and August 1, 1985.
Catherine A. Riley, of Blumenthal, Schwartz & Riley, P.A., Titusville, for appellants.
William L. Mims, Jr., of Sanders, McEwan, Mims & McDonald, Orlando, for appellee, City of Melbourne.
Mitchell J. Frank, of Rogers, Dowling and Bos, Orlando, for appellees, Southern Bell Telephone and G.H. Skipper, Inc.
ORFINGER, Judge.
The plaintiffs appeal from an adverse summary final judgment in this personal injury suit. We find that triable issues of fact exist and that defendants were not entitled to a judgment as a matter of law, so we reverse.
Plaintiffs sued the City of Melbourne (City), Southern Bell Telephone and Telegraph Company (Southern Bell) and G.H. Skipper, Inc. (Skipper) alleging that Southern Bell had caused a public sidewalk to be broken up by Skipper, its contractor, for the purpose of laying a cable, and that Southern Bell and Skipper created a dangerous condition by leaving the sidewalk broken up and in a state of disrepair without warnings or barricades. Plaintiffs further alleged that the City negligently permitted the public sidewalk to remain in a state of disrepair for so long a period of time that it knew or in the exercise of reasonable care should have known of its *227 dangerous condition, that Spaulding was walking on the sidewalk because she had no other way to cross the area in question, and that she caught her heel on a broken rock and fell, causing injuries to herself. Her husband joined in the suit seeking derivative damages.
There was evidence in the record to reflect that Southern Bell had hired Skipper to break up the sidewalk so that Southern Bell could lay a cable, that the area was not barricaded nor was foot traffic otherwise diverted nor were there any warning devices placed there. There was also testimony that the sidewalk had been in this condition for three weeks, that leaving a sidewalk broken up for three weeks was too long a time and that to leave it broken and unbarricaded was dangerous. The trial court entered summary judgment in favor of all the defendants on the ground that there was no duty to warn plaintiff of the dangerous condition when her knowledge was equal to or superior to that of the defendants, and that plaintiff expressly assumed the risk of walking across the broken sidewalk.
Southern Bell and its agent created the condition in the sidewalk, and to that extent became the occupier of that strip of property. A property owner or occupier owes two duties to an invitee: (1) to keep its property reasonably safe and protect an invitee from dangers of which the owner or occupier is aware; and (2) to give the invitee warning of concealed perils which are or should be known to the owner or occupier, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). Although the City did not create the dangerous condition, it is alleged and there is evidence to support a finding that the dangerous condition existed for so long a period of time that the City knew, or in the exercise of due care should have known of the danger. Thus an issue was created as to the breach of the City's duty to keep its sidewalk in reasonably safe condition for pedestrian traffic. Cf. Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983). It was thus error to grant the summary judgment on the duty to warn, even if it can be said that the evidence clearly shows that plaintiff was aware of the condition, because there is evidence to support a breach of the duty to keep the sidewalk in reasonably safe condition.
Similarly, it was error to rely on the doctrine of express assumption of risk, because even assuming that plaintiff was fully aware of the condition of the sidewalk, such knowledge alone does not trigger that doctrine. In O'Connell v. Walt Disney World Company, 413 So.2d 444 (Fla. 5th DCA 1982) we explained that:
For an express assumption of risk to be valid  whether it arises from a contract or from voluntary participation in an activity such as a sport  it must be clear that the plaintiff understood that he was assuming the risk of the particular conduct by the defendant which caused his injuries. Restatement of Torts, Second, § 496B, comment d. No agreement to assume risks not known to the plaintiff will be inferred unless clearly intended. Restatement of Torts, Second, § 496 D, comment a.
Id. at 448.
The Florida supreme court has held that express assumption of risk requires that a plaintiff recognize the risk and then proceed in the face of such danger. Voluntary exposure is the bedrock upon which the doctrine of express assumption of risk rests. Kuehner v. Green, 436 So.2d 78 (Fla. 1983). No such showing is made here. At best, traversing the broken sidewalk under the facts here would show an implied assumption of risk, which defense is merged into contributory negligence. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). This is an issue for the trier of fact.
The final summary judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COWART, J., and PERRY, R.R., Associate Judge, concur.