509 So.2d 384 (1987)
K.G., a Minor, by and through His Parents and Natural Guardians Frank and Carolyn GRAJEDA; and Frank and Carolyn Grajeda, Individually, Appellants,
v.
WINTER SPRINGS COMMUNITY EVANGELICAL CONGREGATIONAL CHURCH, et al., Appellees.
No. 86-1707.
District Court of Appeal of Florida, Fifth District.
July 2, 1987.
James D. Mapp, of Mapp & Davis, P.A., Orlando, for appellants.
Stacy K. Britton, of Stalnaker and Simmons, Casselberry, for appellees.
SHARP, Judge.
Appellants, K.G. a minor, bringing suit by and through his parents, Frank and Carolyn Grajeda, and the Grajedas individually, appeal from a summary final judgment in favor of Winter Springs Community Evangelical Church which denies them any recovery for personal injuries suffered by the child on the church's premises. They contend that protruding, uneven bricks placed around the base of a tree on the church property constituted a dangerous and hazardous condition, which gave rise to the church's duty to warn about the bricks or to provide better lighting for the premises. We affirm.
The record established that the child attended a youth group at the church, which ended earlier than the usual time of 7:30 p.m. The incident occurred in November of *385 1981, and it was dark outside. However, there was sufficient light from flood lights on the corners of the building to permit K.G. and at least one other boy to throw and catch a football. While running, K.G. tripped on a rock in the yard, and struck his knee on one of the bricks surrounding the tree. He ultimately suffered serious damage to the cartilage in his knee, which required arthroscopic surgery.
We affirm because we do not think that a tree with a surrounding brick border constitutes a dangerous condition or concealed peril. There was therefore no duty on the part of the church to warn or take other precautionary measures, such as installing better lighting.[1]
AFFIRMED.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] See Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA), review denied, 407 So.2d 1102 (Fla. 1981); Meyer v. Torrey, 452 So.2d 672 (Fla. 2d DCA 1984).