542 So.2d 470 (1989)
Felo McALLISTER, III, Appellant,
v.
Joseph P. ROBBINS and Faye Robbins, Appellees.
No. 87-1103.
District Court of Appeal of Florida, First District.
May 4, 1989.
Spiro T. Kypreos of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
C. Miner Harrell and W. Joel Boles of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees.
BOOTH, Judge.
This cause is before us on appeal from the summary final judgment entered against the plaintiff in a trip and fall case. The sole issue presented is whether material issues of fact existed which precluded entry of summary judgment.
The facts are that plaintiff, Felo McAllister, III, age 50, was injured when he caught his heel on one of a number of concrete blocks marking the property line of the Wisteria Bar. Photographs of record show that the Wisteria Bar is a small frame structure, which had at one time apparently been a private residence in a rural-suburban setting, with an unpaved parking area. A row of white concrete blocks separate the Wisteria Bar property from the adjoining property, which is a private residence.
The accident occurred at about 7:00 p.m. in February, as plaintiff was coming from the Wisteria Bar and taking a shortcut across the line of blocks to get to his girlfriends' car, parked on the street in front of an adjoining residence. Plaintiff's own car was parked at the Wisteria Bar, and he planned to leave it, as he usually did on Friday nights. On deposition, plaintiff testified that he knew the line of blocks existed before the accident, and, in fact, he usually parked his car in the corner by the blocks. Plaintiff testified that on the evening of the accident, he saw the blocks and "was trying to step over the blocks" when his heel caught. The defendant, Joseph Robbins, testified by deposition that he owned the bar and that the concrete blocks had existed in basically the same condition for more than 17 years.
We have reviewed the record before us and conclude that the trial court did *471 not err in entering summary judgment in this case. There was no evidence that the blocks created an unsafe condition or that anyone else had experienced any difficulty with them over the 17 years they had been in place. According to the Restatement (Second) of Torts § 343A (1965), "[a] possessor of land is not liable to his invitees for physical harm caused by them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (emphasis added). Likewise, a person is not required to take measures to avoid a danger which the circumstances as known to him do not suggest as likely to happen. Cassel v. Price, 396 So.2d 258, 264 (Fla. 1st DCA 1981), citing Sprick v. North Shore Hospital, 121 So.2d 682 (Fla. 3d DCA 1960); Emmons v. Baptist Hospital, 478 So.2d 440, 443 (Fla. 1st DCA 1985), review denied, 488 So.2d 67 (Fla. 1986). Previous decisions have held that protruding, uneven bricks bordering a tree did not constitute a dangerous condition requiring remedial measures, even though the area containing the tree was one in which young children played. K.G. v. Winter Springs Community Evangelical Congregational Church, 509 So.2d 384 (Fla. 5th DCA 1987). Further, plaintiff saw and knew about the blocks at the time of the accident, and there was no question of duty to warn, since plaintiff's knowledge was equal with that of the defendants.[1]City of Milton v. Broxson, 514 So.2d 1116 (Fla. 1st DCA 1987); Storr v. Proctor, 490 So.2d 135 (Fla. 3d DCA 1986), review denied, 500 So.2d 546 (Fla. 1986); Emmons v. Baptist Hospital, supra.
Accordingly, the judgment below is AFFIRMED.
WENTWORTH, J., concurs.
ERVIN, J., dissents with written opinion.
ERVIN, Judge, dissenting.
I respectfully dissent. Appellees correctly state in their answer brief that in Florida a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition, and (2) to give the invitee warning of concealed perils which are or should be known to the landowner and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. See 41 Fla.Jur.2d Premises Liability § 14 (1983), and Restatement (Second) of Torts § 343A(1) (1965) (absolving possessors of land from liability to invitees for injuries caused to them by known or obvious conditions, "unless the possessor should anticipate the harm despite such knowledge or obviousness.") Florida follows the Restatement rule. See Lynch v. Brown, 489 So.2d 65, 66 (Fla. 1st DCA 1986).
I initially agree with appellees that, because of the openness and obviousness of the peril, no duty was placed upon them to give the invitee any further warning. Nevertheless, the issue of whether the owners adequately complied with the first duty cannot in my judgment be determined from this record by summary judgment.
Notwithstanding appellant's knowledge of the concrete blocks' location and his admission of crossing them many times before, the evidence disclosed that at the time of the accident the general area was dark and poorly lighted. Moreover, the specific area where the accident occurred had been frequently traveled by patrons coming in and out of the tavern. The question then remains an open one regarding whether the owners should have reasonably anticipated  notwithstanding the question of whether there had been a long-continued existence of an unsafe condition  that a patron might risk the condition in order to enter or leave the premises.
The instant case is strikingly similar to Stewart v. Boho, Inc., 493 So.2d 95 (Fla. *472 4th DCA 1986), where summary judgment in favor of the owners of a bar was reversed on facts disclosing that the plaintiff, a frequent customer of the bar for the preceding ten years and well familiar with its layout, was injured during a dance, after tripping over the leg of another patron, and, in attempting to steady himself while stumbling backwards, fell through an opened doorway, across a stoop and onto the hood of a truck parked over the stoop immediately outside the doorway. The entrance stoop, leading to the parking area, was elevated and had no handrails.
In its reversal, the Fourth District reiterated the general rule that a bartender owes to his business invitees a duty to maintain his premises in a reasonably safe condition for the purpose for which they are made available, and, because the danger of the condition was apparent to the invitee, the owner of the bar was under no duty to warn the invitee in the case before it, of the danger. Id. at 96. If, however, the danger is of such a nature that the owner should reasonably anticipate that it creates an unreasonable risk of harm to an invitee, notwithstanding the invitee's knowledge of the danger, the owner's duty to provide reasonable care may then require it to take additional precautions for the safety of the invitee. Id. The court concluded that the circumstances did not preclude the existence of a genuine issue of material fact regarding whether the defendants were negligent in permitting the patron to dance so closely to the entrance door and in permitting vehicles to be parked near the entrance way.
Other Florida cases similarly holding that the issue of whether the landowners or occupiers exercised reasonable care to protect a plaintiff-invitee from an unreasonable risk of harm could be resolved only by a jury, or could not then be determined at the specific stage of the proceedings, include: City of Milton v. Broxson, 514 So.2d 1116 (Fla. 1st DCA 1987), review dismissed, 537 So.2d 568 (1988) (final judgment for plaintiff upheld on facts disclosing that plaintiff was injured by an errantly-thrown softball in an area behind the third base dugout in the defendant's recreational park); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980) (directed verdict in favor of owner of premises reversed on facts showing that plaintiff-invitee was injured after slipping upon a foreign substance located on the steps of a building); Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985), review denied, 482 So.2d 350 (1986) (supermarket not entitled to directed verdict in personal injury action asserting store's negligence in allowing three small children to run unrestrained throughout store for approximately forty-five minutes before their collision with plaintiff); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA), review denied, 389 So.2d 1113 (1980) (upholding jury verdict in favor of plaintiff who slipped on an algae-coated boat launching ramp at a recreational facility operated by defendant); Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980) (owner of a shopping center not entitled to directed verdict in action for personal injuries suffered by plaintiff when he tripped and fell on a ramp leading from the parking area to the sidewalk in front of a store located in the center); Zambito v. Southland Recreation Enters., 383 So.2d 989 (Fla. 2d DCA 1980) (dismissal of complaint reversed in personal injury action seeking damages for injuries suffered by plaintiff at defendant's rollerskating facility); Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA), cert. denied, 348 So.2d 946 (Fla. 1977) (summary judgment for the defendant reversed, despite plaintiff's admission that she had tripped over the same defect in the floor three or four times prior to her fall causing her injuries).
In my judgment a genuine issue of material fact remains concerning whether the landowners below used reasonable care in maintaining the premises in a reasonably safe condition, notwithstanding their knowledge of the obvious nature of the condition: concrete bricks elevated approximately eight inches above ground-level. This is not a case where the landowners were not properly placed on actual or constructive notice of an arguably dangerous condition, cf. Cooper v. Winn-Dixie Stores, Inc., 438 So.2d 1012 (Fla. 4th DCA 1983); nor is it a case where the owners *473 used ordinary care in remedying the hazard. See Emmons v. Baptist Hosp., 478 So.2d 440 (Fla. 1st DCA 1985), review denied, 488 So.2d 67 (1986). Moreover, although the present case does not fall into the category of cases subjecting a landowner to liability if the landowner's actions in some way caused the plaintiff's attention to be momentarily distracted immediately preceding the accident, cf. Winn-Dixie Stores, Inc. v. Miller, 220 So.2d 680 (Fla. 4th DCA 1969), it nonetheless does not preclude the existence of a genuine issue of material fact regarding whether the owners were negligent in maintaining the premises.
As recognized in Heath v. First Baptist Church, 341 So.2d at 268, the determination of a plaintiff's "knowledge of the condition [such as that on review] could be characterized as assumption of risk which merges with comparative negligence." This rule was recently restated in Lynch v. Brown, 489 So.2d at 67, as follows: "[A] plaintiff's knowledge of a dangerous condition does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment."
Because appellees have failed to meet their burden to prove conclusively the nonexistence of a genuine issue of material fact as to the existence of liability, see Holl v. Talcott, 191 So.2d 40 (Fla. 1966), I would reverse and remand.
NOTES
[1] Plaintiff's post-judgment affidavit contradicting his deposition testimony that he saw the blocks and was trying to step over them when he tripped, was not accepted by the court. Plaintiff's explanation for the discrepancy ("I was confused") was insufficient, as no reason how or why was given. Croft v. York, 244 So.2d 161 (Fla. 1st DCA 1971); McKean v. Kloeppel Hotels, Inc., 171 So.2d 552 (Fla. 1st DCA 1965); Andrews v. Midland National Insurance Company, 208 So.2d 136 (Fla. 3d DCA 1968).