556 So.2d 1207 (1990)
CIRCLE K CONVENIENCE STORES, INC., etc., Appellants,
v.
Thelma FERGUSON, Appellee.
No. 89-519.
District Court of Appeal of Florida, Fifth District.
February 15, 1990.
*1208 A. Wade James of Hampp & Schneikart, P.A., St. Petersburg, for appellants.
Glen C. Abbott of Crider & Abbott, P.A., Crystal River, for appellee.
COWART, Judge.
Landowner, a convenience store with gas pumps, has an asphalt parking lot in which is located areas of concrete which apparently cover underground gasoline tanks. The joint where the asphalt and concrete meet is not perfect, the concrete being at places higher than the asphalt. Invitee stubbed her toe on the ridge between these surfaces and suffered injuries for which she sued the convenience store. The accident occurred at 2:30 p.m. on a dry and sunny day in the open parking lot where nothing obstructed a view of the surface of the parking lot.
At trial, at the close of the invitee's case, the trial judge directed a verdict for the landowner based on Casby v. Flint, 520 So.2d 281 (Fla. 1988) and Hoag v. Moeller, 82 So.2d 138 (Fla. 1955). Thereafter, however, the court granted invitee's motion for new trial based on the argument that the jury could have found the edge between the concrete and asphalt constituted a hidden danger under Pensacola Restaurant Supply Co. v. Davison, 266 So.2d 682 (Fla. 1st DCA 1972).
After a review of the issues and evidence in the case, we hold the trial judge was correct in directing a verdict for the landowner and in error in granting a new trial. Some conditions are simply so open and obvious, so common and so ordinarily innocuous, that they can be held as a matter of law to not constitute a hidden dangerous condition. In addition to Casby and Hoag, see Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983); Bowles v. Elkes Pontiac Co., 63 So.2d 769 (Fla. 1952); K.G. v. Winter Springs Community Evangelical Congregational Church, 509 So.2d 384 (Fla. 5th DCA 1987); McAllister v. Robbins, 542 So.2d 470 (Fla. 1st DCA 1989); Crawford v. Miller, 542 So.2d 1050 (Fla. 3d DCA 1989); and Prager v. Marks Brothers Co., 483 So.2d 881 (Fla. 3d DCA 1986). See also, Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989) and Haynes v. Lloyd, 533 So.2d 944 (Fla. 5th DCA 1988).
The order granting new trial is
REVERSED.
HARRIS and PETERSON, JJ., concur.