579 So.2d 395 (1991)
Joyce HOGAN, et al., Appellants,
v.
Pauline CHUPKA, Appellee.
No. 90-1542.
District Court of Appeal of Florida, Third District.
May 21, 1991.
*396 Hershoff & Levy, Jay M. Levy, Eric B. Sandler, and Robert L. Gardana, Miami, for appellants.
Buschbom, Panter & Panter, and Ronald L. Buschbom, Miami, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
Plaintiffs below appeal final summary judgment entered against them in a personal injury action brought against the owner of a convenience store. We reverse and remand.
Joyce Hogan was allegedly injured when she fell from a sidewalk onto the asphalt parking lot outside the store owned by Pauline Chupka. Hogan alleged that Chupka breached her duty by permitting a dangerous condition to exist on the subject premises in that the edge of the sidewalk leading to the parking lot was broken and uneven, and negligently maintained and/or constructed. Furthermore, she alleged the blacktop of the parking lot in front of the store fell some inches short of meeting the sidewalk, thus creating a hazardous gully where, upon exiting Chupka's store with purchases in hand, Hogan got her foot stuck, retarding her ability to regain her balance once she had tripped off the uneven sidewalk step.
The trial court found the edge of the sidewalk to be an open and obvious condition. The court found any chipping on the step so innocuous as not to change a non-negligent condition into a negligent one as the worn area was also open and obvious.
While the open and obvious nature of a hazard may discharge a landowner's duty to warn, it does not discharge the landowner's duty to maintain the property in a reasonably safe condition. See Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980); see also Zambito v. Southland Recreation Enters., Inc., 383 So.2d 989 (Fla. 2d DCA 1980); Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA) (duty to use ordinary care in keeping premises in safe condition), cert. denied, 348 So.2d 946 (Fla. 1977). Furthermore, recognizing such a duty is consistent with the philosophy of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), apportioning liability according to fault. See Spaulding v. City of Melbourne, 473 So.2d 226 (Fla. 5th DCA 1985) (where plaintiff fell on broken sidewalk there existed genuine issue of material fact precluding summary judgment as to breach of city's duty to keep sidewalk in reasonably safe condition); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA 1980).
A change in floor levels alone generally does not constitute a dangerous condition. Summary judgment in a premise owner's favor is proper where a plaintiff's allegation of negligence is based solely upon such level changes. See Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983); see also Casby v. Flint, 520 So.2d 281 (Fla. 1988); Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990); Aventura Mall Venture v. Olson, 561 So.2d 319 (Fla. 3d DCA 1990).
However, accompanying circumstances, in the instant case the allegedly worn and uneven step-off and the gully below, may transform a floor level change into a dangerous condition requiring action by the premise owner. Evidence of such a condition creates a question of fact precluding summary judgment. See Casby, 520 So.2d at 282; Northwest Florida Crippled Children's Ass'n v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985) (whether step-down over which a display rack was extended, possibly distracting shoppers and whether shoppers exercised reasonable care held to be questions for the jury precluding summary judgment). See also Quinn v. I.C. Helmly Furniture Co., 141 So.2d 302 (Fla. 3d DCA 1962) (liability of premise owner to injured pedestrian who fell on sidewalk made slippery *397 by discharge from defendant's visible downspout could not properly be resolved on summary judgment).
Where the premise occupier as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding the invitee's knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. Levy v. Home Depot, Inc., 518 So.2d 941 (Fla. 3d DCA 1987). "This is true, for example, where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it." Id. at 943 citing Prosser & Keeton, The Law of Torts, § 61 (5th ed. 1984). See Restatement of Torts (Second) § 343A (1965).
Accordingly, because the evidence was not such as to preclude the finding of the store owner's breach of the duty to keep the sidewalk and step-down in reasonably safe condition, the final summary judgment is reversed and the cause remanded for further proceedings consistent herewith.