SCHWARTZ, Chief Judge.
The plaintiff, who had recently undergone cataract surgery, tripped and fell over a cracked and deteriorated area of a Miami Beach sidewalk. In our view, the record— including a photograph of the area where the fall took place, see Bess v. 17545 Collins Ave., Inc., 98 So.2d 490 (Fla.1957); Leon v. City of Miami, 312 So.2d 518 (Fla. 3d DCA 1975)—raises issues of negligence, comparative negligence, and causation which may properly be resolved only by a jury. Williams v. Madden, 588 So.2d 41 (Fla. 1st DCA 1991); Hogan v. Chupka, 579 So.2d 395 (Fla. 3d DCA 1991); Bryant v. Lucky Stores, Inc., 577 So.2d 1347 (Fla. 2d DCA 1990); Spaulding v. City of Melbourne, 473 So.2d 226 (Fla. 5th DCA 1985); Beattie v. City of Coral Gables, 358 So.2d 1131 (Fla. 3d DCA 1978); City of Miami v. Altman, 128 So.2d 416 (Fla. 3d DCA 1961). Hence, the summary judgment entered for the city below[1] is reversed and the cause remanded for trial.
Reversed and remanded.
GERSTEN, J., concurs.

. The trial judge apparently determined that the condition of the broken sidewalk was so "open and obvious” that liability was precluded as a matter of law. While we find it unnecessary now to decide whether the "open and obvious” doctrine can ever apply in a case such as this, we do note that the principle has previously been found applicable only to alleged defects of original design or construction which involve conditions which are said to be "so common and ordinarily innocuous,” Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207, 1208 (Fla. 5th DCA 1990), that they do not involve any breach of duty — that is, any negligence — on the part of the defendant landowner in creating them in the first place. Casby v. Flint, 520 So.2d 281, 282 (Fla.1988) ("[T|he focus is not on this petitioner's failure to observe [the step], but on the absence of any duty on the part of the homeowner to warn of possible changes in floor levels.”); see Schoen v. Gilbert, 436 So.2d 75 (Fla.1983); Hoag v. Moeller, 82 So.2d 138 (Fla.1955); Circle K, 556 So.2d at 1207; McAllister v. Robbins, 542 So.2d 470 (Fla. 1st DCA 1989); Crawford v. Miller, 542 So.2d 1050 (Fla. 3d DCA 1989); K.G. v. Winter Springs Community Evangelical Congregational Church, 509 So.2d 384 (Fla. 5th DCA 1987); Prager v. Marks Bros. Co., 483 So.2d 881 (Fla. 3d DCA 1986); cf. also Gloris v. Williams Paving Co., 556 So.2d 748 (Fla. 3d DCA 1989) (paving contractor not liable for properly barricaded condition caused by repairs to sidewalk). In a broken or deteriorated sidewalk (or floor) case, however, in which, a priori, the landowner is negligent in failing to maintain the already installed surface of his property, it would be indeed incongruous — and certainly directly contrary to the comparative negligence doctrine — to insulate him from liability for an accident caused at least *1047 in part by that negligence merely because the defective condition was there to be seen. See Hogan v. Chupka, 579 So.2d 395 (Fla. 3d DCA 1991); see also Bryant v. Lucky Stores, Inc., 577 So.2d 1347 (Fla. 2d DCA 1990); Spaulding v. City of Melbourne, 473 So.2d 226 (Fla. 5th DCA 1985). See generally Kendrick v. Ed's Beach Serv., Inc., 577 So.2d 936 (Fla.1991); Lee v. Treasure Island Marina, Inc., 620 So.2d 1295 (Fla. 1st DCA 1993); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA 1980), review denied, 389 So.2d 1113 (Fla.1980); Zambito v. Southland Recreation Enters., Inc., 383 So.2d 989 (Fla. 2d DCA 1980). It should also be noted that, if the defective condition were not plainly visible, the defendant would then invoke the rule, as the city attempts to do here, that the defect was so in significant as to render the sidewalk not dangerous at all. See City of Tallahassee v. Coles, 148 Fla. 606, 610-11, 4 So.2d 874, 876 (1941). In essence, then, an acceptance of the appellee's position in all its implications would mean the end of a municipality's responsibilities for maintaining its sidewalks in this state.