702 So.2d 1361 (1997)
Edith LOTTO and Albert Lotto, Appellants,
v.
POINT EAST TWO CONDOMINIUM CORPORATION, INC., Appellee.
No. 97-869.
District Court of Appeal of Florida, Third District.
December 24, 1997.
Ronald S. Guralnick, Miami, for appellants.
Josephs, Jack & Gaebe and Helen Leen Miranda, and Todd R. Ehrenreich, Coral Gables, for appellee.
Before NESBITT, COPE and FLETCHER, JJ.
COPE, Judge.
Edith and Albert Lotto appeal an adverse summary final judgment in a slip and fall case. We reverse.
Plaintiff-appellant Edith Lotto resides at the Point East Two Condominium. She tripped and fell on a portion of an exterior sidewalk which is cracked and partially uneven. She sued the appellee condominium association for negligence in failing to maintain the sidewalk in a reasonably safe condition, and for failure to warn her of the condition of the sidewalk.[*]
At deposition, plaintiff admitted that she regularly walked for exercise, and had walked over this same stretch of sidewalk more than fifty times previously. The photographs show that the sidewalk segment is severely cracked and somewhat uneven. The condominium association acknowledged that this stretch of sidewalk had been in the same cracked and deteriorated condition for over three years, but took the position that it was not unreasonably dangerous and that there was no negligence in the association's failure to repair it. The association argued that it had no duty to warn plaintiff of the condition of the sidewalk because the deteriorated condition was obvious. The trial court granted summary judgment in the association's favor, and this appeal follows.
*1362 We agree that the association did not owe a duty to warn plaintiff of the condition of the sidewalk under the circumstances present here. Plaintiff had walked over the same stretch of sidewalk many times previously, and knew its condition.
However, we do not think that the obviousness of the condition relieved the condominium association of the duty to repair it. In Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla.1986), the court invoked section 343A of the Restatement (Second) of Torts (1965), which states:
Known or Obvious Dangers
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

492 So.2d at 1312 (emphasis supplied in Ashcroft decision). Elsewhere the Ashcroft court also said, "`In any case where the occupier [of land] as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required.'" 492 So.2d at 1311 (quoting Prosser & Keaton, Law of Torts § 61 (5th ed.1984)).
Here we are dealing with one of the sidewalks provided for the use of condominium residents on the condominium grounds. We think there remains a factual issue whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby. See Hogan v. Chupka, 579 So.2d 395, 396 (Fla. 3d DCA 1991).
We conclude that summary judgment should not have been entered. Because the plaintiff was thoroughly familiar with the condition of the sidewalk, her decision to proceed to encounter the risk does, of course, raise the question whether she was comparatively negligent. The summary judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[*] Appellant Albert Lotto made a claim for loss of consortium.