CORTINAS, J.
Celeste Wieder (“Plaintiff’) is a unit owner at the King Cole Condominium. Plaintiff alleges that one afternoon, when returning to her unit after walking her dog, her foot got caught on a portion of the carpet in her hallway which had buckled after being shampooed. She asserts that, as a result, she fell and injured her arm, hand, and neck. The record demonstrates that the Plaintiff as well as other unit owners had complained to the board of directors of the King Cole Condominium Association, Inc. (“Association”) about the buckling carpet. Apparently, the buckling was worse immediately after the carpet was cleaned and still wet. It is undisputed that the Association did nothing to remedy the situation.
Eventually, the Plaintiff filed suit against the Association, alleging, in pertinent part, that
The [Association] ... had the duty to maintain said hallways which here ingress and egress to the apartments and to the condominium lobby in a reasonably safe and serviceable condition for the use of persons lawfully being in and about the premises of said building and area.
The [Association], notwithstanding their duties as aforesaid, did not maintain the said premises in a reasonably safe and serviceable manner, but on the contrary, negligently and wrongfully permitted and allowed said hallways of the condominium to be in a defective condition and allowed said condition to become a hazard, danger, and a trap to persons lawfully using said stairs [sic]. In addition thereto, and in the alternative, said defective condition and hazardous carpeting were inherently dangerous in themselves and were a trap, hazard and a danger to persons lawfully using said hallways. [Association] failed to warn persons using said stairway [sic] of its inherently dangerous condition.
The Association filed a motion for summary judgment arguing that the condition of the hallway carpet was obvious and known to the Plaintiff. The trial court granted summary judgment and subsequently denied the Plaintiff’s motion for rehearing, finding that
[r]egrettably, [P]laintiff suffered an injury when she tripped on a wet carpet *1198 in a common area of her condominium unit, a condition she acknowledged was open, obvious and known to her since she had recently walked down the same exact area on her way to walk her dog. After much consideration, the Court denies the [P]laintiff s motion for rehearing.
In Kopf v. City of Miami Beach, 653 So.2d 1046 (Fla. 3d DCA 1995), we addressed a similar situation. In Kopf a plaintiff sued the City of Miami Beach after she tripped and fell over a portion of a Miami Beach sidewalk that was cracked and deteriorated. Id. The trial court granted summary judgment in favor of the landowner after apparently determining that the condition of damaged sidewalk “was so ‘open and obvious’ that liability was precluded as a matter of law.” Id. at 1046 n. 1. In that case, we found that the record “raise[d] issues of negligence, comparative negligence, and causation which may properly be resolved only by a jury.” Id. at 1046 (citing Williams v. Madden, 588 So.2d 41 (Fla. 1st DCA 1991)). We further noted that the “open and obvious” doctrine upon which the trial .court had relied had “previously been found applicable only to alleged defects of original design or construction which involve conditions which are said to be ‘so common and ordinarily innocuous.’ ” Kopf, 653 So.2d at 1046 n. 1 (quoting Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207, 1208 (Fla. 5th DCA 1990)). Reversing the summary judgment, we held that
[i]n a broken or deteriorated sidewalk (or floor) case ... in which, a priori, the landowner is negligent in failing to maintain the already installed surface of his property, it would be indeed incongruous-and certainly directly contrary to the comparative negligence doctrine-to insulate him from liability for an accident caused at least in part by that negligence merely because the defective condition was there to be seen.
Kopf, 653 So.2d at 1046.
In a perhaps more factually analogous case, Lotto v. Point East Two Condominium Corporation, Inc., 702 So.2d 1361 (Fla. 3d DCA 1997), we reversed a summary judgment in favor of a condominium association. There, a resident of the condominium tripped and fell over a section of an exterior sidewalk that was cracked and uneven. Id. at 1361. She sued the association “for negligence in failing to maintain the sidewalk in a reasonably safe condition, and for failure to warn her of the condition of the sidewalk.” Id. The plaintiff had admitted at deposition that she had walked over the stretch of sidewalk at issue numerous times before her accident. Id. Because the deteriorated condition of the sidewalk was obvious, we held that the association did not owe a duty to warn the plaintiff under the particular circumstances of that case. Id. at 1362. “However, we [did] not think that the obviousness of the condition relieved the condominium association of the duty to repair it.” Id. We reversed the summary judgment in favor of the association because “there remain[ed] a factual issue whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby.” Id. (emphasis added); see Hogan v. Chupka, 579 So.2d 395, 396 (Fla.1991) (“While the open and obvious nature of a hazard may discharge a landowner’s duty to warn, it does not discharge the landowner’s duty to maintain the property in a reasonably safe condition.”).
Here, the Plaintiff testified at her deposition that she had seen and avoided the buckled carpet several times. *1199 However, her testimony also demonstrated that multiple condominium residents had complained to the Association about the problem with the carpet, and the Association had taken no action. We acknowledge that, given the Plaintiffs familiarity with, and knowledge of, the carpet’s condition, “her decision to proceed to encounter the risk does, of course, raise the question whether she was comparatively negligent.” Lotto, 702 So.2d at 1362. Nonetheless, the underlying case involves a hallway and carpet on the Association’s property and provided for use by the condominium residents. As in Lotto, there remains a factual issue in this case as to whether, notwithstanding the obvious nature of the buckling, the Association could anticipate the continued traversing of the hallway and buckled carpet by condominium residents and that they could be harmed by so doing. See Lotto, 702 So.2d at 1362 (citing Hogan, 579 So.2d at 396).
The Association relies on several cases involving changes in floor levels in support of its argument that there is no question of fact as to whether the carpet was a dangerous condition requiring repair or correction by the Association. See Casby v. Flint, 520 So.2d 281, 282 (Fla.1988); Bowles v. Elkes Pontiac Co., 63 So.2d 769 (Fla.1953); Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA 1992) (holding that the difference in elevation between a sidewalk curb and a street did not constitute a dangerous condition). We find these cases to be wholly distinguishable. In the case before us, it is undisputed that the Association was aware that the carpet buckled whenever it was cleaned and that several condominium residents had complained of the condition. It is equally undisputed that the Association took no steps to remedy the situation. This is not a case where a common design element such as a lowered step or the difference in elevation between a sidewalk and a street caused a plaintiff to fall. Here, the Plaintiff alleges that under certain conditions, the otherwise innocuous carpet would buckle and create a dangerous condition. Whether the Association should have anticipated an unreasonable risk of harm to the residents requiring it to take action is a question of fact for the jury. Accordingly, we reverse the final summary judgment in favor of the Association.
Reversed and remanded.