IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRUGREEN LANDCARE, LLC,

       Appellant,

v.                                       Case No. 5D17-1594

CHARLES LACAPRA,

       Appellee.

_____/

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

Nicole Sieb Smith, of Rumberger, Kirk &
Caldwell, Tallahassee, and Scott M.
Sarason, of Rumberger, Kirk & Caldwell,
Miami, for Appellant.

John N. Bogdanoff, of The Carlyle Appellate
Law Firm, Orlando, for Appellee.

PER CURIAM.

      Charles LaCapra tripped and injured himself after losing his footing while cutting

across one of the palm tree planter squares[1] in front of Regal Cinemas in Winter Park

_____

[1] The planter square is a small grassy area consisting of artificial turf, centered
around a palm tree with a wide base that looks like a small circular platform. The planter
square is completely surrounded by sidewalk.

Village.  He sued TruGreen Landcare, LLP (TruGreen), for negligently maintaining, landscaping, and inspecting the planter square.[2]  At trial, the jury found both TruGreen and LaCapra negligent, determined that each was fifty percent liable for LaCapra's injuries, and awarded $400,000 in damages.[3]  TruGreen appeals the final judgment, arguing *inter alia* that the trial court erred in denying its motion for directed verdict.  We agree and reverse.

In support of its motion for directed verdict, TruGreen argued that it owed no duty to LaCapra to keep the landscaped areas in a safe condition or to warn of any dangerous condition because landscaped areas are not generally dangerous conditions as a matter of law and any change in surface level was open and obvious.  TruGreen notes that LaCapra chose to bypass the sidewalk, which was intended for pedestrian traffic, and instead walked through a landscaped area he should have known could present a hazard.[4]  LaCapra, on the other hand, counters that while the open and obvious doctrine might apply in general to natural landscaping features, it does not apply to artificial turf.

---

[2] LaCapra also sued Winter Park Town Center, LLP and Casto Southeast Realty Services, LLC on the theory of premises liability.  TruGreen indemnified these parties, assumed their defense, and settled the claims against them.  The amended complaint alleged that the defendants, "by and through its agents, servants and/or other employees acting within the scope and course of such agency, service, or employment, negligently breached its duty of care to Plaintiff by failing to inspect and maintain the Winter Park Village premises in a safe condition and by failing to warn Plaintiff of the dangerous condition" resulting in LaCapra suffering bodily injury, pain and suffering, disability, mental anguish, loss of capacity for enjoyment of life, medical expenses, loss of earnings and loss of earning capacity.

[3] The trial court entered final judgment in favor of LaCapra in the amount of $200,000, plus post judgment interest.

[4] LaCapra claims to have lost his footing on a depression, rolled his ankle, and tripped over a sprinkler head before catching himself on a parked police car.

He also claims TruGreen knew or should have known that pedestrians would walk across the artificial turf in the palm tree planter square.

"A motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the nonmoving party." Goolsby v. Qazi, 847 So. 2d 1001, 1002 (Fla. 5th DCA 2003) (citing Cecile Resort, Ltd. v. Hokanson, 729 So. 2d 446, 447 (Fla. 5th DCA 1999)). The Court must "evaluate the testimony in the light most favorable to the plaintiff and every reasonable inference deduced from the evidence must be indulged in plaintiff's favor." Id.

The open and obvious danger doctrine "provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious." Aaron v. Palatka Mall, LLC, 908 So. 2d 574, 576–77 (Fla. 5th DCA 2005) (citing Ashcroft v. Calder Race Course, Inc., 492 So. 2d 1309 (Fla. 1986)). "This doctrine rests upon the generally accepted notion that owners and possessors of real property should be legally permitted to assume that those entering their premises will perceive conditions that are open and obvious to them upon the ordinary use of their senses." Id. at 577 (citing Krol v. City of Orlando, 778 So. 2d 490 (Fla. 5th DCA 2001)). In analyzing whether a danger is open and obvious, "the courts are required to consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition." Id.

The owner or occupier of real property owes two duties to business invitees, namely a duty to "use ordinary care in keeping the premises in a reasonably safe condition" and a duty to warn of latent or concealed hazards that the owner/occupier knew

3

or should have known about and which are not known to the invitee in a timely manner.[5] Id. (quoting Hylazewski v. Wet 'N Wild, Inc., 432 So. 2d 1371, 1372 (Fla. 5th DCA 1983)). The open and obvious danger doctrine may discharge the duty to warn, but it "does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition." Id. (citing Marriott Int'l, Inc. v. Perez-Melendez, 855 So. 2d 624 (Fla. 5th DCA 2003)). Thus, an issue of fact for the jury exists when the plaintiff alleges the owner/occupier breached the duty to keep the premises in a reasonably safe condition regardless of whether the danger was open and obvious. Id. at 578 (citing Lotto v. Point E. Two Condo. Corp., Inc., 702 So. 2d 1361, 1362 (Fla. 3d DCA 1997)).

However, some conditions are considered so obvious and not inherently dangerous that they do not, as a matter of law, support liability for the breach of the duty to maintain the premises in a reasonably safe condition. Dampier v. Morgan Tire & Auto., LLC, 82 So. 3d 204, 208 (Fla. 5th DCA 2012) (citing Schoen v. Gilbert, 436 So. 2d 75 (Fla. 1983)). In particular, landscaping features "are generally found not to constitute a dangerous condition as a matter of law." Id. (citing K.G. ex rel. Grajeda v. Winter Springs Cmty. Evangelical Congregational Church, 509 So. 2d 384 (Fla. 5th DCA 1987)); accord Wolf v. Sam's East, Inc., 132 So. 3d 305, 308 (Fla. 4th DCA 2014) ("As to the instant case, we find that the tree roots in the landscaping areas were 'so obvious and not inherently dangerous' as to constitute a non-dangerous condition as a matter of law."). Additionally, there is no duty to make areas that are not designed for walking reasonably safe for that purpose or to warn that they are not safe for walking. See Dampier, 82 So. 3d at 208 (finding no duty to warn or make a planter bed with a stump that plaintiff tripped

---

[5] LaCapra's status as a business invitee is not in dispute.

4

on reasonably safe for walking); City of Melbourne v. Dunn, 841 So. 3d 504, 505 (Fla. 5th DCA 2003) (determining there was no duty to make raised timbers alongside a large planter bed safe for walking or to warn of danger as it was not foreseeable they would be used for walking (citing McCain v. Fla. Power Corp., 593 So. 2d 500 (Fla. 1992))); Taylor v. Univ. City Prop. Mgmt., 779 So. 2d 621 (Fla. 5th DCA 2001) (holding that plaintiff, who was injured when she stepped on metal-rim edge of palm tree planter square that was six feet in diameter with palm tree and shrub-like foliage around base of palm tree, could not recover because hazard was obvious and not inherently dangerous); Prager v. Marks Bros. Co., 483 So. 2d 881 (Fla. 3d DCA 1986) (finding unfinished curbside flowerbox in which plaintiff slipped on dirt while walking was not dangerous condition necessitating warning).  In these situations, the rule "is to absolve the landowner of liability unless the landowner should anticipate or foresee harm from the dangerous condition despite such knowledge or obviousness."  Dampier, 82 So. 3d at 206 (citing Ashcroft, 492 So. 2d at 1311).

Here, LaCapra testified that he lost his footing due to a hidden depression in the palm tree planter square. The facts in this case are similar to those in Taylor where we found that a palm tree planter square was not inherently dangerous and dispelled liability not only for failure to warn but also for failure to maintain the palm tree planter square in a reasonably safe condition:

> The trial court concluded, however, and we agree, that anyone who walks into a planter containing a Washington palm, greenery and/or flowers and dirt is held to know that this is a hazard to walking. The precise nature of the hazard need not be observable. Such a change in level caused by the change in materials and surface texture and the effect on footing is to be expected.

5

<u>Taylor</u>, 779 So. 2d at 622.

LaCapra's attempt to distinguish <u>Taylor</u> is unpersuasive. His argument that the depression in the artificial turf upon which he tripped was hidden or that the sprinkler head might not have been visible misses the point of <u>Taylor</u>, which is that the palm tree planter square was not hidden and presented an open and obvious danger in and of itself. <u>See</u> <u>id.</u> The fact that the planter square in this case used artificial turf instead of natural grass is also a distinction without a difference. Indeed, the palm tree planter square in <u>Taylor</u> had a metal rim, and that metal rim was the point of contact that caused the plaintiff to lose balance in that case. <u>See</u> <u>id.</u> We would also note that in <u>K.G.</u>, this court concluded that uneven bricks surrounding the base of a tree, which are also not naturally occurring, were not a dangerous condition. 509 So. 2d at 384–85. Unlike the situation in <u>Grimes v. Family Dollar Stores of Florida, Inc.</u>, 194 So. 3d 424, 427 (Fla. 3d DCA 2016), where there was a well-worn path through the landscaped area that customers used as a shortcut to the store, there was no evidence of continuous and obvious use of the planter square as a pedestrian shortcut in this case. Moreover, there was no need for a shortcut path because the planter square was surrounded by sidewalk on all sides. <u>See</u> <u>Wolf</u>, 132 So. 3d at 308–09.

Given our holding in <u>Taylor</u>, which involved a similar palm tree planter square, we conclude that the palm tree planter square in this case was not a dangerous condition as a matter of law. <u>See</u> <u>Taylor</u>, 779 So. 2d at 622. Consequently, the trial erred in denying TruGreen's motion for directed verdict. <u>See</u> <u>id.</u>

REVERSED.

BERGER and WALLIS, JJ., concur.
SAWAYA, J., dissents without opinion.

6