HARRIS, J.
Paralee Middleton appeals from an adverse final summary judgment in a trip and fall case, arguing that the trial court erred in concluding that Don Asher & Associates, Inc. ("Property Management Co.") and Lemon Tree Condominium Association, Inc. ("Lemon Tree") (collectively, "Appellees") were entitled to summary judgment on the basis that the condition of the sidewalk was open and obvious and thus, not dangerous. Because a genuine issue of fact existed regarding whether Appellees should have anticipated that Middleton would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding the obvious condition, summary judgment was in error. We reverse.
Middleton owns property within Lemon Tree and has resided there for fifteen years. While walking on premises owned by Lemon Tree and managed by Property Management Co., Middleton tripped on an uneven sidewalk and was injured. She had previously walked the property on several occasions and frequently passed the area where she fell. She then brought a negligence action against Appellees.
Appellees moved for summary judgment, arguing that they had no duty to warn Middleton of the sidewalk condition because the uneven joint between the two concrete segments was an open and obvious condition. In response to Appellees' motion, Middleton argued that even if the condition was open and obvious an issue of fact remained as to whether Appellees should have anticipated that condominium residents would use the sidewalk and encounter the cracked and uneven concrete. The trial court, citing Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207, 1208 (Fla. 5th DCA 1990), found that the condition of the sidewalk was so open and obvious that it could not be held to constitute a hidden, dangerous condition and granted Appellees' motion for summary judgment.
The first inquiry in a negligence action is whether the defendant owes a duty of care to the plaintiff. Under the facts of this case, Middleton occupies the status of an invitee. This Court has held *872 that the duty owed to invitees is "1) to use ordinary care in keeping the premises in a reasonably safe condition, and 2) to give timely warning of latent or concealed perils which are known or should be known by the owner or occupier." Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001). Appellees contend that the condition of the premises that caused Middleton's injury was neither latent nor concealed, but rather, open and obvious. Therefore, Appellees argue, the legal duty owed to Middleton as an invitee did not require them to give notice or warning of this obvious condition. The obvious danger doctrine recognizes that owners and occupiers should be legally permitted to assume that an invitee will perceive that which would be obvious upon the ordinary use of their own senses. See Ferguson, 556 So.2d at 1208.
Uneven floor levels are obvious and not inherently dangerous conditions as a matter of law. E.g., Casby v. Flint, 520 So.2d 281, 282 (Fla. 1988) (finding that multiple floor levels in dimly lit and overcrowded room are not inherently dangerous conditions); Bowles v. Elkes Pontiac Co., 63 So.2d 769, 772 (Fla. 1952) (concluding that uneven floor levels in public places do not constitute latent, hidden, and dangerous conditions); Rosenfeld v. Walt Disney World Co., 651 So.2d 811, 812 (Fla. 5th DCA 1995) (holding that street curb in amusement park is not inherently dangerous condition); Gorin v. City of St. Augustine, 595 So.2d 1062, 1062 (Fla. 5th DCA 1992) (concluding that sidewalk curb used as platform to pick up and drop off passengers riding a tram is not hidden dangerous condition); Aventura Mall Venture v. Olson, 561 So.2d 319, 320 (Fla. 3d DCA 1990) (finding that six-inch sidewalk curb located at a mall is not "concealed or latent danger"). Therefore, in the instant case, the trial court was correct in finding that the uneven sidewalk was open and obvious as a matter of law.
However, "[w]hile the fact that a danger is obvious discharges a landowner's duty to warn, it does not discharge the landowner's duty to maintain his premises." De Cruz-Haymer v. Festival Food Mkt., Inc., 117 So.3d 885, 888 (Fla. 4th DCA 2013). Thus, notwithstanding that the condition of the sidewalk was open and obvious, Appellees had a duty to maintain the property in a reasonably safe condition by repairing conditions that they foresee will cause harm. See Dampier v. Morgan Tire & Auto, LLC, 82 So.3d 204, 206 (Fla. 5th DCA 2012) ("[Some] conditions are dangerous, but are so open and obvious that an invitee may be reasonably expected to discover them and to protect himself. The rule applied in these circumstances is to absolve the landowner of liability unless the landowner should anticipate or foresee harm from the dangerous condition despite such knowledge or obviousness.") (citations omitted); Lomack v. Mowrey, 14 So.3d 1090, 1092 (Fla. 1st DCA 2009) ("Case law consistently recognizes that the fact that a danger is open and obvious may operate to discharge a landowner's duty to warn, but it does not discharge the duty to maintain the property in a reasonably safe condition.")
In Lotto v. Point East Two Condominium Corp., 702 So.2d 1361 (Fla. 3d DCA 1997), a condominium resident tripped and fell on a portion of an exterior sidewalk that was cracked and partially uneven. The resident sued the condominium association for negligence in failing to maintain the sidewalk in a reasonably safe condition and for failure to warn of the condition of the sidewalk. The condominium association acknowledged that the stretch of sidewalk had been in the same cracked and deteriorated condition for over three years, but took the position that it had no duty to *873 warn the resident of the sidewalk's condition because the deteriorated condition was obvious. The trial court agreed and granted summary judgment in the condominium association's favor.
The Third District Court of Appeal agreed with the trial court that the association did not owe a duty to warn the resident of the condition of the sidewalk under the circumstances because the deteriorated condition was obvious. However, the court held that the obviousness of the condition did not relieve the condominium association of the duty to repair it. The district court reversed the summary judgment, holding that a factual issue remained as to whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby.
In this case, it is clear that Appellees knew of the significant disrepair of the sidewalk within the condominium property. In fact, Appellees had been aware of the condition for as long as eighteen months, as indicated by a series of blue dots that had been placed on the sidewalk throughout the property. As Appellees' own agent testified, the blue dots were placed not to warn residents and other invitees of the condition of the premises but rather to indicate the areas Appellees felt were most in need of repair. Despite their knowledge of the need to repair the sidewalk, Appellees took no action to do so.
While Appellees may not have owed a duty to warn Middleton of the condition of the sidewalk, we do not agree that the obviousness of the condition relieved Appellees of the duty to repair it. Therefore, a factual issue remained as to whether Appellees should have anticipated that, notwithstanding that the condition was obvious, condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, and could be harmed thereby. See Lotto, 702 So.2d at 1362 ; see also Hogan v. Chupka, 579 So.2d 395, 396 (Fla. 3d DCA 1991) (holding fact issue existed regarding due to maintain sidewalk precluding summary judgment).
We conclude that the trial court erred in entering summary judgment. Because Middleton was thoroughly familiar with the condition of the sidewalk, her decision to proceed to encounter the risk does, of course, raise the question as to whether she was comparatively negligent. See De Cruz-Haymer, 117 So.3d at 888. The summary judgment is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
EVANDER, C.J., and COHEN, J., concur.