PER CURIAM.
This is an appeal from a final summary judgment in favor of defendants/appellees.
Plaintiff/appellant tripped and fell over a parking bumper in the parking lot of the residential complex owned by defendants. The accident occurred at 3:00 A.M. while plaintiff was delivering newspapers to some of the tenants in the complex. The parking bumper in question was located adjacent to a sidewalk leading to the complex.
The facts and the record below reflect that although appellant had been making deliveries in the complex for about one year, he was not aware of the parking bumper where he tripped because a car was usually parked in that spot. There were also allegations that on the night in question, the light which normally illuminated this area of the complex was not working. While open and obvious conditions may negate the existence of negligence and permit a summary disposition, the added factor of the effect or impact, if any, of the lighting in the subject area on visibility gives rise to a genuine issue of *581 material fact — whether defendants were negligent in maintaining the lighting in the area where the accident occurred — whether there was any duty to maintain lighting in that area — whether irrespective of such lighting, there was sufficient illumination so as to preclude any negligence on the part of the defendants. See Bianchi v. Garber, 528 So.2d 969 (Fla. 4th DCA 1988).
Accordingly, we reverse the final summary judgment and remand for further proceedings.[1]
ANSTEAD and WARNER, JJ., and MAGER, GERALD, Senior Judge, concur.

. Our decision neither gave credence to plaintiffs references in his brief to defendants’ Response to Notice to Produce nor to a tape-recorded statement referred to in the brief. Although we reverse for the grounds previously stated, we strike plaintiff’s reference to the tape-recorded statement because it was not part of the record on appeal and a clear violation of the Florida Rules of Appellate Procedure.