908 So.2d 574 (2005)
Diane L. AARON, Appellant,
v.
PALATKA MALL, L.L.C., d/b/a Interlachen Mall, Appellee.
No. 5D04-554.
District Court of Appeal of Florida, Fifth District.
August 12, 2005.
*576 Marianne R. Howanitz of Daniel L. Hightower, P.A., Ocala, for Appellant.
Hinda Klein and Alejandro (Alex) Suarez, of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellee.
SAWAYA, J.
Diane Aaron appeals a final summary judgment in the premises liability action she filed to recover damages caused by her fall on a parking lot bumper on property owned by Palatka Mall, L.L.C., doing business as Interlachen Mall, The trial court held that there was no liability on the part of Palatka Mall because the bumper was open and obvious. The issue we must resolve is whether it was appropriate to enter summary judgment in favor of Palatka Mall based on the obvious danger doctrine when: 1) Aaron alleges that Palatka Mall breached its duty to keep its premises in a reasonably safe condition; and 2) evidence is present in the record that the alleged dangerous condition was located in a poorly lit parking lot and the accident occurred late at night when it was drizzling rain. Because material issues of fact exist, we conclude that the final summary judgment was improvidently rendered, and we reverse.
Aaron filed suit alleging that Palatka Mall was negligent because it breached both its duty to maintain the premises in a reasonably safe condition and its duty to warn her of the dangerous condition, which Aaron claims is the parking lot bumper. As the litigation progressed, Aaron's deposition was taken wherein she testified that she went to Palatka Mall at approximately 9:15 p.m. Prior to that time it had been raining, but upon her arrival at the mall the weather had "cleared up to where it was a light drizzle, misty, drizzly rain." Aaron testified that she parked in the spot closest to the store she intended to enter so she would not get wet. She got out of her car, walked around the shopping cart return, and tripped over the parking lot bumper that she did not know was there. She testified that there were only two bumpers in the entire parking lot and that the bumper she tripped over was almost the same color as the parking lot surface. The lighting in the parking lot was "very poor" on the night she fell, and she simply could not see the bumper she tripped over.
Palatka Mall filed a motion for summary judgment contending that the bumper was open and obvious and, therefore, it was not liable for any injuries to Aaron. Aaron responded with an affidavit wherein she testified that the parking lot bumper was a dangerous condition on the premises because: 1) it was almost the same color as the rest of the parking lot; 2) she tripped and fell late at night and there was insufficient lighting to allow her to see where she was going; 3) it was raining at the time she fell; and 4) there were only two bumpers in the entire parking lot and there was no reason why the bumpers were placed where they were and not placed uniformly in the rest of the lot. She also testified that she was looking where she was going when she fell. The trial court granted Palatka Mall's motion for summary judgment on the grounds that "[t]he concrete parking bumper was open and obvious and was of a type that was to be expected in a parking lot. Although this incident occurred at night, it has been held that parking lot users have a duty to anticipate the presence of parking dividers day or night."
The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or *577 possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious. Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla.1986). This doctrine rests upon the generally accepted notion that owners and possessors of real property should be legally permitted to assume that those entering their premises will perceive conditions that are open and obvious to them upon the ordinary use of their senses. Krol v. City of Orlando, 778 So.2d 490 (Fla. 5th DCA 2001). In order to determine whether the doctrine applies in a given case, the courts are required to consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition. Id.
"Generally, an invitee is owed two specific duties by an owner/occupier of land: (1) to use ordinary care in keeping the premises in a reasonably safe condition, and (2) to give timely notice of latent or concealed perils which are known or should be known to the owner, but which are not known to the invitee." Hylazewski v. Wet 'N Wild, Inc., 432 So.2d 1371, 1372 (Fla. 5th DCA 1983) (citation omitted); see Wolford v. Ostenbridge, 861 So.2d 455, 456 (Fla. 2d DCA 2003) (recognizing that these two duties are "distinct"); Lynch v. Brown, 489 So.2d 65, 66 (Fla. 1st DCA 1986) (recognizing that these two duties are "alternative"). We have noted that in addition to alleging negligence based on breach of the duty to warn of the alleged dangerous condition, Aaron also alleges that Palatka Mall breached its duty to keep the premises in a reasonably safe condition. The fact that Aaron alleges breach of both duties is significant because the courts generally agree that the obvious danger doctrine does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition.[1] In Marriott International, Inc. v. Perez-Melendez, 855 So.2d 624 (Fla. 5th DCA 2003), for example, we explained that
[t]he courts have consistently held that while the open and obvious danger doctrine may in certain circumstances discharge the duty to warn, it does not discharge the landowner's duty to maintain the property in a reasonably safe condition. Knight v. Waltman, 774 *578 So.2d 731 (Fla. 2d DCA 2000); Kersul v. Boca Raton Cmty. Hosp., Inc., 711 So.2d 234 (Fla. 4th DCA 1998); Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA 1991); Hogan v. Chupka, 579 So.2d 395, 396 (Fla. 3d DCA 1991); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). In Pittman, this court explained why the doctrine does not extend to the duty to maintain the premises in a reasonably safe condition:
The fallacy is in the premise that the discharge of the occupier's duty to warn by the plaintiff's actual knowledge necessarily discharges the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive knowledge. To extend the obvious danger doctrine to bar a plaintiff from recovery by negating a landowner's or occupier's duty to invitees to maintain his premises in a reasonably safe condition would be inconsistent with the philosophy of Hoffman v. Jones, 280 So.2d 431 (Fla.1973), that liability should be apportioned according to fault.

Pittman, 380 So.2d at 1193-94 (footnotes omitted); see also Hogan, 579 So.2d at 396 (citing Pittman).
Id. at 631-32.
When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious. See Lotto v. Point E. Two Condo. Corp., Inc., 702 So.2d 1361, 1362 (Fla. 3d DCA 1997) ("[W]e do not think that the obviousness of the condition relieved the condominium association of the duty to repair it.... We think there remains a factual issue whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby."); Hogan v. Chupka, 579 So.2d 395 (Fla. 3d DCA 1991). Hence, the trial court erred in entering summary judgment regarding the theory alleged by Aaron that Palatka Mall breached its duty to maintain the premises in a reasonably safe condition.
As to the allegation that Palatka Mall breached its duty to warn, we have considered all of the facts and circumstances surrounding the accident revealed by the evidence in the record. We have done so in accordance with the rather strict standard of review that requires we consider the evidence contained in the record in the light most favorable to the non-moving party, and if the slightest doubt regarding the existence of material issues of fact arises, the summary judgment must be reversed. See Krol. Where the issues are generally fact-intensive, as in negligence actions, summary judgment should be entered with great caution. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) ("Summary judgments should be cautiously granted in negligence and malpractice suits.") (citation omitted); Feagle v. Purvis, 891 So.2d 1096, 1098 (Fla. 5th DCA 2004) ("[W]hen considering fact-intensive negligence cases, summary judgments should only be granted with caution.") (citation omitted); Wal-Mart Stores, Inc. v. Tracz, 799 So.2d 413, 414 (Fla. 5th DCA 2001) ("Summary judgment procedures should be applied with special caution in negligence and malpractice actions.") (citations omitted).
Aaron testified that there were only two bumpers in the entire parking lot; it was *579 dark at the time of the accident and the parking lot was poorly lit; it had been raining and was misty at the time of the accident; the bumper was almost the same color as the base of the parking lot; and she did not anticipate the bumper and could not see it despite the fact that she was looking where she was going. We believe that the dark and rainy conditions and the inadequate lighting may have prevented Aaron from observing, with the use of her ordinary senses, any danger posed by the bumper. In other words, we think that under these facts and circumstances, a jury should decide whether the parking lot bumper was a dangerous condition that was open and obvious. As aptly written in the analogous case of Rivard v. Grimm, 621 So.2d 580 (Fla. 4th DCA 1993):
There were also allegations that on the night in question, the light which normally illuminated this area of the complex was not working. While open and obvious conditions may negate the existence of negligence and permit a summary disposition, the added factor of the effect or impact, if any, of the lighting in the subject area on visibility gives rise to a genuine issue of material factwhether defendants were negligent in maintaining the lighting in the area where the accident occurredwhether there was any duty to maintain lighting in that area  whether irrespective of such lighting, there was sufficient illumination so as to preclude any negligence on the part of the defendants.
Id. at 580-81 (citation omitted).
Hidden and concealed dangers are the antithesis of open and obvious dangers. To stretch the contours of the obvious danger doctrine to include instances where the dangerous condition is shrouded in darkness and mist would obliterate the very reason for the rule and make it virtually impossible for injured invitees to seek legitimate recovery for their damages. It is not for us to rewrite a doctrine whose age and consistent application by the courts since its inception say much about its utility as a viable component of our premises liability jurisprudence. We must apply the doctrine according to its intended purpose, which is to ensure, in certain instances, that injured parties are held accountable for their inattention to the obvious dangers that confront them. It is inappropriate for us to say that the accident in the instant case is one of those instances because, based on the evidence in the record before us, material issues of fact exist whether the bumper was a dangerous condition that was open and obvious. Accordingly, we reverse the summary judgment and remand for further proceedings.
REVERSED and REMANDED.
PLEUS, C.J., concurs.
THOMPSON, J., concurs specially with opinion.
THOMPSON, J., concurring specially.
I agree with the conclusion reached by my colleague in his well-reasoned opinion. Although a close case, here the significant question for me is whether there is any "genuine issue as to any material fact" and whether the moving party is entitled to judgment as matter of law. See Fla. R. Civ. P. 1.510(c); Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001).
Aaron testified that she had gone to the mall once a week for at least 14 years and that she was familiar with the mall and the parking lot. She testified that she fell around 9:15 p.m. and that it was drizzling rain and the lighting conditions were poor. Thus, I believe there is a genuine issue of material fact whether there was sufficient lighting to illuminate the parking bumpers. See Rivard v. Grimm, 621 So.2d 580 (Fla. *580 4th DCA 1993). Since there is a genuine issue of fact on the issue of the appellee's alleged negligence, which was not refuted by the moving party, granting a motion for summary judgment was not appropriate. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Lawrence v. Pep Boys-Manny Moe & Jack, Inc., 842 So.2d 303 (Fla. 5th DCA 2003); City of Clermont v. Lake City Util. Servs., Inc., 760 So.2d 1123 (Fla. 5th DCA 2000). I would reverse for this reason alone.
NOTES
[1] See Marriott Int'l, Inc. v. Perez-Melendez, 855 So.2d 624 (Fla. 5th DCA 2003), and cases cited therein; Mashni v. LaSalle Partners Mgmt. Ltd., 842 So.2d 1035, 1039 (Fla. 4th DCA 2003) ("However, simply because a hazardous condition is open and obvious does not necessarily mean that the owners' duty to maintain the property in a reasonably safe condition is discharged.") (citation omitted); Garcia v. Collazo, 758 So.2d 721 (Fla. 3d DCA 2000); Lotto v. Point E. Two Condo. Corp., Inc., 702 So.2d 1361 (Fla. 3d DCA 1997); Hancock v. Department of Corr., 585 So.2d 1068, 1071 (Fla. 1st DCA 1991) ("Hancock is in the position of an invitee, so although his knowledge of the defective stairway could discharge the Department's duty to warn, such knowledge did not discharge the Department's duty to maintain the premises in a reasonably safe condition by correcting dangers of which it had actual or constructive knowledge."), review denied, 598 So.2d 75 (Fla.1992); see also Ashcroft v. Calder Race Course, Inc., 492 So.2d at 1309, 1311 (Fla.1986) ("`In any case where the occupier [of land] as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required.'") (quoting Prosser and Keaton, Law of Torts § 61 (5th ed.1984)); Avallone v. Board of County Comm'rs of Citrus County, 497 So.2d 934, 935-36 (Fla. 5th DCA 1986) ("The county argues that the roughhousing was or should have been open and obvious to appellant, thus there was no duty to warn her of this condition, but this fact would not eliminate the county's duty to use ordinary care to keep its premises in a reasonably safe condition and to correct dangers of which it had actual or constructive knowledge.") (citations omitted).