DAMOORGIAN, J.
Hollywood Towers Condominium Association, Inc. appeals the trial court’s order granting partial summary judgment in favor of Sharon Hampton. Because the record reflects a disputed issue of material fact, we reverse. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
On September 9, 2005, Sharon Hampton delivered a check for $1,960.00 to Hollywood Towers, which reflected the amount she owed for a special assessment on her condominium unit. Due to an accounting error, Hampton’s bank account was debited only $19.60.
On April 17, 2006, Hollywood Towers notified Hampton that she owed the balance of her unpaid assessment, late fees, and attorney’s fees incurred in the collection process. The same day, Hollywood Towers filed a claim of lien on Hampton’s condominium unit. On May 3, 2006, Hollywood Towers amended a pending, unrelated complaint against Hampton to include a claim for foreclosure of the lien. The next day, Hollywood Towers notified Hampton that it had just received the balance of her special assessment. Nevertheless, Hollywood Towers did not dismiss its foreclosure claim, nor did it discharge the lien on Hampton’s condominium unit. As a result, Hampton counterclaimed for slander of title and removal of the lien.
Hampton moved for partial summary judgment on Hollywood Towers’ foreclosure claim and on her counterclaims. She asserted that her bank corrected the accounting error and debited the additional $1,940.40 from her account on January 11, 2006. Therefore, she argued, Hollywood Towers received the full amount of her special assessment more than three months before it filed the lien on her condo unit, making the lien and subsequent foreclosure action invalid. Hampton attached three unauthenticated documents to her summary judgment motion to support this argument: a photocopy of her check written out to Hollywood Towers, a photocopy of a letter from her bank notifying her of the accounting error and subsequent correction, and a photocopy of her bank state *176 ment showing the debit of the additional funds from her account.
In response, Hollywood Towers argued that it did not receive the additional funds from Hampton’s bank until May 1, 2006, after it had filed the lien on Hampton’s condominium unit. To support its assertion, Hollywood Towers filed the affidavit of Jim Stern, condominium association president. Stern stated that, as of April 21, 2006, Hampton was indebted to Hollywood Towers in the amount of $1,940.40. He also stated that Hollywood Towers received the additional funds on May 1, 2006.
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Volusia County, 760 So.2d at 130. The moving party has the burden to show the absence of any material issue of fact and the court must draw every inference in favor of the non-moving party. Orlando v. FEI Hollywood, Inc., 898 So.2d 167, 168 (Fla. 4th DCA 2005).
Hampton, as the moving party, has not met her burden. The primary factual issue in this case is whether Hollywood Towers filed the claim of lien on Hampton’s property before or after it received the additional funds from Hampton’s bank. Hampton asserts that Hollywood Towers received the funds months before it filed the claim of lien on her property. All of the documentary evidence in support of her summary judgment motion, however, was unauthenticated. As such, it was not proper for the trial court to consider this evidence on summary judgment. See Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997) (stating that it is inappropriate for a trial court to consider and rely upon unsworn, uncertified documents for purposes of summary judgment). Moreover, Stern’s affidavit directly disputes Hampton’s assertion of the facts. This factual dispute is material because it determines the validity of Hollywood Towers’ lien and, in turn, the validity of Hollywood Towers’ foreclosure action. Accordingly, the trial court erred in granting summary judgment. We reverse and remand for further proceedings.

Reversed and Remanded.

STONE and WARNER, JJ., concur.