TAYLOR, J.
In this premises liability case, the plaintiff, Janet K. Burton, appeals a final summary judgment entered in favor of the defendants, MDC PGA Plaza Corp. (MDC) and Holiday CVS (CVS). The trial court granted summary judgment upon its finding that the defendants were not under a duty to warn the plaintiff of a pothole on the premises, or repair it, because the plaintiff was aware of its presence and condition when she tripped over it. Although the plaintiff concedes that the open and obvious nature of the pothole discharged the defendants’ duty to warn her of the dangerous condition, she argues that the defendants nonetheless had a duty to maintain the premises in a reasonably safe condition. We agree and reverse.
Factual Background
The plaintiff worked for a marketing and merchandising company that helped new retail businesses get prepared for opening. She was brought in to work at a new CVS Pharmacy in Palm Beach Gardens that was getting ready for its grand opening. Her job included setting up and stocking shelves, moving fixtures, and unloading trucks on CVS’s back parking lot. While unloading trucks, the plaintiff noticed a pothole about ten or fifteen feet from the store’s back door. The pothole was approximately one foot wide and two inches deep. She informed her co-workers and CVS’s management of the pothole and urged everyone to exercise caution. One week later, the plaintiff was seriously injured when, while loading a vehicle, she stepped into the pothole, tripped, and fell to the ground.
The plaintiff filed suit against both CVS and its landlord, MDC. In her amended complaint, the plaintiff alleged that the defendants breached their duty to exercise reasonable care in the maintenance, inspection, and repair of the business premises by allowing a pothole to form in the pavement and failed to warn her of the dangerous condition. Both defendants answered and filed motions for summary judgment. MDC argued that the pothole “was so glaringly open and obvious” that it could not be considered a dangerous condition, and that MDC therefore had no duty to warn the plaintiff of it. CVS argued that it owed no duty to the plaintiff because, under its lease agreement with MDC, maintenance of the parking lot was MDC’s obligation. CVS also argued that it owed no duty to the plaintiff to warn of the defect because the plaintiff was aware of its open and obvious nature.
The trial court agreed with defendants that the plaintiff could not recover from either defendant because she knew about the pothole before she fell. Entering summary judgment in defendants’ favor, the court stated:
[t]he Court commends the Plaintiff for her candor during her deposition, however, by her own admission, she had knowledge equal to or superior to that of the landowner and had a duty to guard against known perils. For this reason, this Court finds that the Plaintiff cannot maintain an action against the landowner Defendant MDC or its tenant, CVS.
Analysis
A trial court’s entry of a final summary judgment is reviewed de novo. Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). “When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.” Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. *734 4th DCA 2009) (citing Allenby & Assocs., Inc. v. Crown St Vincent Ltd., 8 So.3d 1211, 1213 (Fla. 4th DCA 2009)). A landowner or occupier owes an invitee two independent duties: (1) to maintain the premises in a reasonably safe condition, and (2) to give warning of concealed perils. Marion v. City of Boca Raton, 47 So.3d 334, 338 (Fla. 4th DCA 2010). Here, the plaintiff conceded that she knew about the pothole before she fell into it and that her knowledge discharged the defendants of their duty to warn her of the dangerous condition. Thus, the only issue is whether the defendants owed the plaintiff a duty to maintain the premises in a reasonably safe condition.
Florida courts have long held that a landowner’s duty to warn is separate and distinct from the duty to maintain the premises in a reasonably safe condition. “Case law consistently recognizes that the fact that a danger is open and obvious may operate to discharge a landowner’s duty to warn, but it does not discharge the duty to maintain the property in a reasonably safe condition.” Lomack v. Mowrey, 14 So.3d 1090, 1092 (Fla. 1st DCA 2009) (citing Fieldhouse v. Tam Inv. Co., 959 So.2d 1214, 1216 (Fla. 4th DCA 2007); Miller v. Slabaugh, 909 So.2d 588, 589 (Fla. 2d DCA 2005); Aaron v. Palatka Mall, L.L.C., 908 So.2d 574, 577 (Fla. 5th DCA 2005); Lynch v. Brown, 489 So.2d 65, 66 (Fla. 1st DCA 1986); Pittman v. Volusia County, 380 So.2d 1192, 1193-94 (Fla. 5th DCA 1980)). A plaintiffs awareness of a dangerous condition does not negate a defendant’s potential liability for negligence in allowing the dangerous condition to exist; it may be relevant, however, to a determination of comparative negligence. Mashni v. La-Salle Partners Management Ltd., 842 So.2d 1035, 1039 (Fla. 4th DCA 2003).
The defendants argue that the pothole was such an open and obvious condition that they could not have anticipated that anyone would be harmed by it. They cite several cases finding that some conditions are so obvious that neither a warning nor correction of the condition is required by the owner. See, e.g., McAllister v. Robbins, 542 So.2d 470, 471 (Fla. 1st DCA 1989) (affirming summary judgment in favor of the defendant when the plaintiffs injuries were caused by an obstruction that the plaintiff saw but negotiated incorrectly); Crawford v. Miller, 542 So.2d 1050, 1051 (Fla. 3d DCA 1989) (concluding that, where the plaintiff had actual knowledge of lights installed in the shrubbery along the walkway, the premises were not in an unreasonably dangerous condition, as the plaintiffs injuries could have been avoided by her taking due care to avoid them); San v. Aetna Cas. and Sur. Co., 452 So.2d 64, 65 (Fla. 3d DCA 1984) (affirming summary judgment for an owner because the step-down between the tile floor of an apartment hallway and the carpeted, flexible pile surface of the adjacent bedroom which came to the same level was so obvious that, as a matter of law, neither warning nor correction of the condition was required).
In granting summary judgment, the trial court relied on an unreported decision by the United States District Court for the Middle District of Florida, Arnoul v. Busch Entertainment Corp., 2008 WL 4525106 (M.D.Fla. Oct.6, 2008), which cited several Florida cases standing for the proposition that “some injury-causing conditions are so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions.” Id. at *2.[1] In Amoul, the plaintiff and his *735 wife sued Busch Entertainment Corporation for injuries the plaintiff sustained when he walked into a low-hanging tree branch that protruded over the walkway at the Busch Gardens amusement park in Tampa. Although the plaintiff had seen the branch before walking into it, he was distracted by his granddaughter and suffered injuries when he walked into it. Id. at *1. He alleged that the theme park failed to maintain the premises in a reasonably safe condition. Id. at *2. The district court granted the defendant’s motion for summary judgment, holding that the plaintiffs injuries were caused by his failure to take precautions against a reasonable, open, and obvious potential danger. Id. at *4. Citing Aaron v. Palatka Mall, L.L.C., 908 So.2d 574 (Fla. 5th DCA 2005), the federal district court held that “only when a landowner should anticipate that people will choose to negotiate obvious hazards and thereby injure themselves, despite their awareness of the danger, is the landowner responsible for injury resulting from an obvious condition.” Arnoul, 2008 WL 4525106 at *2.
Aaron, however, recognized that “the courts generally agree that the obvious danger doctrine does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition.” 908 So.2d at 577. In Aaron, the Fifth District ultimately reversed summary judgment in favor of the defendant, holding that an issue of fact was raised, despite the fact that the danger was open and obvious. The court stated:
When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious.
Id. at 578.
In addition to pointing out the tension between Amoul and Aaron, the plaintiff argues that the cases relied upon by the defendant are distinguishable based on the type of “defect” involved. See Arnoul, 2008 WL 4525106 at *1 (involving a low-hanging branch); McAllister, 542 So.2d at 470 (involving concrete blocks marking the property line); Crawford, 542 So.2d at 1051 (involving landscape light protruding onto walkway); see also Sari, 452 So.2d at 65 (involving a step-down between the tile floor of an apartment hallway and the carpeted, flexible pile surface of the adjacent bedroom which came to the same level).
A pothole is not a natural condition, nor does it create a reasonable risk of harm. A pothole forms when a landowner fails to maintain the property; it is a portion of pavement that has fallen into disrepair. Turner v. Winn-Dixie Food Stores Inc., 651 So.2d 827, 828 (Fla. 5th DCA 1995). A pothole’s obvious nature does not make it, as a matter of law, a reasonably safe condition. Under well-established Florida law, the defendants’ duty to maintain the premises in a reasonably safe condition was not discharged by the plaintiffs knowledge of the pothole before she fell. Her knowledge merely raised an issue of fact as to her own comparative negligence. We thus conclude that the trial court erred in granting summary judgment in favor of the defendants.
We further reject CVS’s argument that it had no duty to the plaintiff because of its lease with MDC, which, CVS contends, obligated MDC to maintain the parking lot. “A party who exercises con *736 trol or implied authority over a piece of property by inviting people to utilize the property in a particular manner may become responsible to invitees in the same manner as an owner.” Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970, 974 (Fla. 1st DCA 1991). A tenant’s ability to manage and control an area is a question of fact for a jury to decide. Id. Moreover, a commercial tenant may have a duty, independent of the landlord’s duty, to maintain premises in a reasonably safe condition regardless of whether the landlord has contractually assumed responsibility to maintain the premises. Levy v. Home Depot, Inc., 518 So.2d 941, 942 (Fla. 3d DCA 1987); Bovis v. 7-Eleven, Inc., 505 So.2d 661, 664 (Fla. 5th DCA 1987).
For the reasons stated above, we reverse the final summary judgment entered in favor of MDC and CVS and remand this case for further proceedings.

Reversed and Remanded for further proceedings.

POLEN and STEVENSON, JJ., concur.

. Taylor v. Universal City Prop. Mgmt., 779 So.2d 621, 622 (Fla. 5th DCA 2001); McAtlis-ter v. Robbins, 542 So.2d 470, 471 (Fla. 1st *735 DCA 1989); Crawford, v. Miller, 542 So.2d 1050 (Fla. 3d DCA 1989).