CONNER, J.
Under the obvious danger doctrine, a landowner can avoid liability for conditions that are known or obvious to an injured party. Paulette De Cruz-Haymer sued Festival Food Market, Inc., which operates Bravo Supermarkets (“Bravo”), after she tripped on a mat outside the only public entrance and exit to its store. Paulette appeals the trial court’s entry of summary judgment based on the obvious danger doctrine. We reverse, holding that under the facts of this case, Bravo’s duty to maintain its premises in a reasonably safe condition was not discharged by the obvious nature of the mat.

Factual Background

Paulette and her husband, Linden Hay-mer, went to Bravo to buy groceries. The store had only one public entrance and exit. Neither Paulette nor Linden could remember whether a mat was present at the entrance when they entered the store on the day she fell. However, Paulette recalled that in the past, there was a mat in front of the door.
After making purchases, Linden took a shopping cart full of items back to the car while Paulette remained inside to buy some items they had forgotten. As Linden went to leave the store, he had to wait because an employee was laying a mat down outside the front door. Linden walked over the mat and noticed it was not laid completely flat, but parts were slightly “humped.” The mat was not fastened or affixed to the ground. Linden stepped over the humps to continue on his way.
When Paulette exited the store, holding a bag with two soda bottles, she tripped on the mat and fell. Paulette testified that her foot “hooked” on the mat just as she stepped out of the door. Paulette fell face down, suffering a cut above her left eye and injuring her neck, back, both elbows, and both knees. A Bravo supervisor allegedly told Linden that Paulette’s fall was Bravo’s fault.
Paulette filed a single-count complaint against Bravo, alleging Bravo was negligent in creating or allowing a dangerous condition, failing to maintain its premises, and failing to warn of a dangerous condition. Bravo responded, alleging several affirmative defenses, including that the mat was an open and obvious condition and that Paulette was negligent in failing to avoid the mat. Bravo moved for summary judgment solely on grounds that the mat was an open and obvious condition as a matter of law, and the trial court granted Bravo’s motion.

Analysis

Paulette argues the trial court erred in granting summary judgment. She further argues that while the open and obvious nature of a danger may discharge Bravo’s duty to warn, it does not discharge Bravo’s duty to maintain its property in a safe condition. She contends there are material issues of fact regarding whether Bravo maintained its property in a safe condition at the location where she fell.
*888 The standard of review of a trial court’s ruling on a motion for summary judgment is de novo. Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009). “Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Id.
“The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious.” Aaron v. Palatka Mall, L.L.C., 908 So.2d 574, 576-77 (Fla. 5th DCA 2005) (citing Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla.1986)). The test is not whether the object is obvious, but whether the dangerous condition of the object is obvious. Brady v. State Paving Corp., 693 So.2d 612, 613 (Fla. 4th DCA 1997). “In order to determine whether the doctrine applies in a given case, the courts are required to consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition.” Aaron, 908 So.2d at 577.
Here, there is no genuine issue of mate-i’ial fact regarding whether the dangerous condition of the mat was open and obvious. Both Paulette and Linden knew a mat was present outside the front door of Bravo. Both knew the mat was not secured to the ground. Linden testified in deposition that he saw an employee lay the mat in front of the door, noticed the mat was not perfectly flat, and stepped over the hump in the mat to avoid it. Thus, both the existence of the mat and the fact that it was not secured and not flat was not hidden or latent in any way. The trial court did not err in holding that the mat was an open and obvious danger.
 However, the trial court erred in entering a full summary judgment against Paulette. A landowner owes a business invitee two independent duties: “(1) to maintain the premises in a reasonably safe condition, and (2) to give warning of concealed perils.” Burton v. MDC PGA Plaza Corp., 78 So.3d 732, 734 (Fla. 4th DCA 2012). Paulette alleged a breach of both duties in her complaint. While the fact that a danger is obvious discharges a landowner’s duty to warn, it does not discharge the landowner’s duty to maintain his premises. Id.; Spatz v. Embassy Home Care, Inc., 9 So.3d 697, 699 (Fla. 4th DCA 2009); Fieldhouse v. Tam Inv. Co., 959 So.2d 1214, 1216 (Fla. 4th DCA 2007).
 “When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious.” Aaron, 908 So.2d at 578. Moreover, when the failure to maintain premises is alleged, the obvious nature of the danger creates an issue of fact regarding the plaintiffs own comparative negligence. Burton, 78 So.3d at 735; Fieldhouse, 959 So.2d at 1216 (“A plaintiffs knowledge of a dangerous condition ... simply raises the issue of comparative negligence and precludes summary judgment.”) (citation omitted).
Linden testified that the hump in the mat occurred when the employee laid the mat down, as opposed to some invitee rumpling it as he or she was entering or *889 leaving. With only one public entrance, invitees had only one route to enter the store. Linden’s testimony creates an issue of material fact regarding whether Bravo should have expected that invitees were likely to trip over a rumpled mat despite the fact the mat’s existence and condition was open and obvious. Thus, we reverse entry of summary judgment on this basis and remand for further proceedings.
Reversed and remanded for further proceedings.
DAMOORGIAN, C.J., and STEVENSON, J., concur.