DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ISRAEL J. GOMEZ CRUZ,** as Personal Representative of the **ESTATE OF ISRAEL Z. GOMEZ-RODRIGUEZ,** and **MARGARITA CRUZ de GOMEZ,**
decedent's widow,
Appellants,

v.

**WAL-MART STORES EAST, LP,**
Appellee.

No. 4D18-178

[March 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE 14-007759 (25).

Alexander D. Brown and Adam S. Goldman of The Concept Law Group, P.A., Fort Lauderdale, for appellant.

Thomas A. Valdez of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, and David Tarlow of Quintairos, Prieto, Wood & Boyer, P.A., Fort Lauderdale, for appellee.

GROSS, J.

One night, a 72-year-old man tripped on a raised manhole cover and fell in a Wal-Mart parking lot, sustaining serious head trauma. He and his wife sued Wal-Mart Stores East, LP, alleging various theories of negligence. The circuit court granted Wal-Mart's motion for summary judgment, without elaboration. We reverse because there are disputed issues of material fact that preclude summary judgment.

Wal-Mart's motion for summary judgment raised several issues. First, it contended that the store did not breach its duty to maintain the premises in a reasonably safe condition because the manhole was inspected and approved by various government entities.

Second, the store argued that the customer's accident was not foreseeable because there were no prior accidents involving the manhole.

The store made the related argument that it had no actual or constructive notice of the alleged defective condition. In support of this argument, the store attached the depositions of two managers who testified about the store's safety inspections.

Third, the store contended that the manhole was open and obvious and that it had no duty to warn the customer.

Fourth, the store asserted that the customer was the sole and proximate cause of his accident because the manhole was open and obvious, and the customer failed to look where he was going.

The plaintiffs responded in opposition to the motion, attaching excerpts from seven depositions along with three photographs of the fall captured by the store's security camera. The plaintiffs argued that the motion for summary judgment should be denied for several reasons including:

(1) The manhole was never determined to be safe. The inspections by the governmental entities were made to determine if the manhole was built according to approved plans and specifications. There was no evidence that the manhole was ever inspected for safety.

(2) There were genuine issues of material fact as to whether the store kept the premises in a safe condition. The store's "safety checks" did not resolve this factual issue because there were issues as to the thoroughness of the checks and the competency of the employees performing them.

(3) There were genuine issues of material fact as to whether the store should have known of the dangerous condition of the manhole in light of its elevated nature and nonconformance with applicable building codes.

(4) The manhole itself, combined with the area around the manhole, was a dangerous condition.

(5) The danger of the manhole (and not simply its presence) was not open and obvious to the customer.

The plaintiffs attached the deposition of their expert civil engineer. He testified that manholes are required to be flush with the pavement. Despite this requirement, the Broward County Code allows a "construction tolerance" of 1/4-inch between the pavement and the top edge of the manhole cover. An elevation of less than 1/4-inch is not considered a tripping hazard. The expert testified that the manhole was not flush with

the pavement and that at the edge of the manhole cover, there were places where the drop to the pavement exceeded 1/4-inch.

The expert also testified that around the manhole, there were various changes in grade, in some places greater than one inch. The Broward County Code requires the pavement around the manhole to be smooth and well-graded and the pavement around this manhole was not.

The expert concluded that, because of its elevation and the uneven surface around it, the manhole did not comply with the Broward County Code or the City's building ordinances. He opined that the customer tripped on the manhole due to an improperly maintained paving surface. He added that insufficient lighting, combined with traffic conditions, could have caused a distraction that contributed to the customer's fall.

The plaintiffs also attached the deposition of a second expert. She said the store did not properly maintain the manhole as it should have, stating: "There is a gap between the top surface of the manhole cover and the adjacent pavement that is greater than a quarter inch on at least three of the four sides. So it obviously is a tripping hazard." She said that the gap was measured to be 10/32 of an inch on the north side of the manhole.

The plaintiff also attached the deposition of the inspector for the City of Pembroke Pines. He testified that the City inspected the manholes to ensure that they were completed pursuant to the City building codes. He stated that manhole covers should be flush with the pavement, but that there was an acceptable tolerance of 1/4-inch. He testified that if there is more than 1/4-inch between the manhole cover and the pavement, the City would make the contractor adjust it so it is flush. He was shown a photograph of a manhole cover and testified that the manhole in the photograph would not have passed his inspection.

The circuit court granted Wal-Mart's motion for summary judgment, without explanation.

*Standard of Review*

"The standard of review of a trial court's ruling on a motion for summary judgment is de novo." *De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888 (Fla. 4th DCA 2013).

> Where the defendant is the party moving for summary judgment, as here, neither the trial court nor this court determines whether the plaintiff can prove its case; *our*

> *function solely is to determine whether the pleadings, depositions, and affidavits conclusively show that the plaintiff cannot prove its case.*

*Tank Tech, Inc. v. Valley Tank Testing, L.L.C.*, 244 So. 3d 383, 391 (Fla. 2d DCA 2018) (emphasis added) (internal quotation marks, citation, and alterations omitted).

### *The Movant's Burden At Summary Judgment*

"Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Hollywood Towers Condo. Ass'n v. Hampton*, 993 So. 2d 174, 176 (Fla. 4th DCA 2008). If the moving party meets its initial burden "of demonstrating the nonexistence of material issues of fact," the burden shifts to the party opposing summary judgment to come forward with evidence establishing a question of material fact exists. *Carnes v. Fender*, 936 So. 2d 11, 14 (Fla. 4th DCA 2006). In determining whether there are any issues of material fact, all reasonable inferences must be drawn in favor of the non-moving party. *E.g.*, *Hollywood Towers*, 993 So. 2d at 176. This court has recognized that, "motions for summary judgment should be cautiously granted in negligence actions." *See Gonzalez v. B & B Cash Grocery Stores, Inc.*, 692 So. 2d 297, 299 (Fla. 4th DCA 1997).

### *Premises Liability – Duty Owed to Business Invitee*

> A landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining its premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils that are or should be known to the landowner and that are unknown to the invitee and cannot be discovered through the exercise of due care.

*St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1040 (Fla. 2d DCA 2004). While a landowner is not an insurer of the safety of its invitees, *id.*, the landowner does owe a duty "not only to react to hazards of which it has notice but also to inspect to ensure conditions are safe or, at the least, that hazards (unless open and obvious) are discovered and warned against." *Food Lion, LLC v. Monument/Julington Assoc. Ltd. P'ship*, 939 So. 2d 1106, 1107–08 (Fla. 1st DCA 2006). "When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite

the fact it was open and obvious." *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 578 (Fla. 5th DCA 2005).

*Discussion*

Here, Wal-Mart did not meet its burden of demonstrating the nonexistence of material issues of fact. The first material fact that the store failed to establish was that the manhole was *not* a dangerous condition. The plaintiffs' experts supported the claim that the manhole was a dangerous condition because (1) the manhole was raised and elevated higher than permitted by the Broward County Code; and (2) the manhole's excessive elevation rendered it a fall hazard. The store presented several letters from governmental authorities as evidence that the manhole was inspected and complied with building codes. However, the store's compliance with building codes is not conclusive on the issue of whether they maintained a dangerous condition on the premises. *See Westland Skating Ctr., Inc. v. Gus Machado Buick, Inc.*, 542 So. 2d 959, 964 (Fla. 1989) ("While one's compliance with a statute or an ordinance may amount to evidence of reasonableness, such compliance is not tantamount to reasonableness as a matter of law."). The dangerousness of the manhole remained an issue of fact that was not conclusively determined by the record at summary judgment.

The second material fact the store failed to establish is whether the manhole presented an open and obvious danger. If a danger is open and obvious, then the owner or possessor of land may be legally permitted to assume that those entering the premises will perceive the condition "upon the ordinary use of their senses." *Aaron*, 908 So. 2d at 577. In order to determine whether the open and obvious danger doctrine applies, the court is "required to consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition." *Id.*

*Aaron* is directly on point. There, on a misty, drizzly night, a customer tripped over a parking lot bumper that was almost the same color as the parking lot surface. The court held that "under these facts and circumstances, a jury should decide whether the parking lot bumper was a dangerous condition that was open and obvious." *Id.* at 579. The obvious danger doctrine cannot be stretched to include situations "where the dangerous condition is shrouded in darkness and mist." *Id.*

Here, the customer was 72 years old, it was 10:15 at night, the lighting was poor, the manhole was in a travel lane in front of the store, the store was busy, and cars were coming and going with their headlights on. Under

these conditions, whether the raised manhole was an open and obvious danger was a disputed issue of material fact.

The third material fact the store failed to establish is that, even if the manhole constituted an open and obvious dangerous condition, the store should not have anticipated that the manhole would cause injury despite its obviousness.

For example, in *Middleton v. Don Asher & Associates, Inc.*, 44 Fla. L. Weekly D301 (Fla. 5th DCA Jan. 25, 2019), a resident of a condominium fell on an uneven sidewalk. The court found that "a factual issue remained as to whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby." *Id.*

Similarly, in *De Cruz-Haymer*, a customer tripped over an unsecured, not perfectly flat floor mat that was placed at the store entrance. 117 So. 3d at 887. We found that the trial court did not err in holding that the rumpled mat was an open and obvious danger. *Id.* at 888. However, we determined that the lower court erred in entering summary judgment for the store because, where there was only one entrance to the store, whether the store "should have expected that invitees were likely to trip over a rumpled mat despite the fact the mat's existence and condition was open and obvious" was a disputed issue of material fact. *Id.* at 889.

Here, the manhole was located between the store and the parking lot. Whether customers heading to their cars should have been expected to sidestep the raised manhole in every instance, or whether the store should have anticipated that its customers were likely to trip over the manhole despite its obviousness, is an issue of fact.

Because there were disputed issues of material fact, we reverse the summary final judgment and remand to the circuit court for further proceedings.

CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***