DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARY LEON,**
Appellant,

v.

**EDWARD PENA** and **SORIS PARAJON,**
Appellees.

No. 4D18-2071

[June 12, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE17-018943-02.

Alexander Annunziato of Wolfson Law Firm, LLP, Miami, and Douglas F. Eaton of Eaton & Wolk, PL, Miami for appellant.

Nicole Smith of Rumberger, Kirk & Caldwell, Tallahassee and H. Jacey Kaps of Rumberger, Kirk & Caldwell, Miami, for appellees.

KLINGENSMITH, J.

For almost ten years, appellant Mary Leon traversed an area in her condominium complex with a broken sidewalk. She did this fully aware of the damage to the pathway, never taking special care to avoid it, and always without incident. That is, until the day she lost her footing and fell over that portion of fractured concrete. Then she sued her landlords Edward Pena and Soris Parajon for injuries from her fall, alleging failure to warn and failure to maintain the premises. The trial court granted summary judgment in favor of the landlords on all claims based on Leon's undisputed knowledge of the path's condition, its open and obvious nature, and her assumption of the risk. For the reasons set forth below, we affirm in part and reverse in part.

Leon testified at deposition that she first noticed a crack in the sidewalk when she moved into the premises almost a decade ago. This damaged section continued to deteriorate over time and gradually expanded. She admitted that the broken portion of the path was noticeably inconsistent with the rest of the well-maintained yard, that she was well aware of it the

day she fell and knew there were safer alternatives than walking across that particular area.

When the landlords moved for summary judgment, Leon argued that there remained genuine issues of material fact regarding the obviousness of the dangerous condition that caused her injuries, and that the landlords breached their duty to maintain the premises because they knew about the sidewalk's condition but failed to undertake any repairs. Leon countered the motion with her own affidavit, stating she complained of the damaged pathway to the landlords, and they agreed to fix it but failed to do so. She also alleged that she offered to repair the broken section herself, but this offer was refused. While Leon admitted that she knew the pathway needed repair, she claimed she did not know of the concealed danger that caused the crack to suddenly crumble under her feet.

At the hearing, the trial court entered summary judgment in favor of the landlords and stated:

> It's pretty clear from the plaintiff's affidavit, it very much establishes that this was open and obvious to the plaintiff, that it was in need of repair, that this was a damage situation, present from day one of the lease; and therefore, being open and obvious, being apparent, I think this tenant assumed that risk and they continued to walk on it, despite knowing that it was dangerous. Therefore, the motion is granted.

This appeal follows.

The standard of review for an order granting summary judgment is *de novo*. *See Burton v. MDC PGA Plaza Corp.*, 78 So. 3d 732, 733 (Fla. 4th DCA 2012).

"A landowner or occupier owes an invitee two independent duties: (1) to maintain the premises in a reasonably safe condition, and (2) to give warning of concealed perils." *Id.* at 734; *see Wolford v. Ostenbridge*, 861 So. 2d 455, 456 (Fla. 2d DCA 2003) (recognizing that these two duties are "distinct"); *Lynch v. Brown,* 489 So. 2d 65, 66 (Fla. 1st DCA 1986) (recognizing that these two duties are "alternative"). In addition to alleging negligence based on breach of the duty to warn of the alleged dangerous condition, Leon also alleges the landlords breached their duty to maintain the premises in reasonably safe condition. The fact that Leon claims a breach of both duties is significant. *See Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 578 (Fla. 5th DCA 2005).

2

The open and obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate those injuries. *See id.* at 576-77. In other words, the possessor of land may "assume that the invitee will perceive that which would be obvious to them upon the ordinary use of their own senses." *Krol v. City of Orlando*, 778 So. 2d 490, 493 (Fla. 5th DCA 2001); *see also Burton*, 78 So. 3d at 734.

But while the obvious danger doctrine may discharge the duty to warn in certain circumstances, it does not automatically discharge the landowner's duty to maintain the premises:

> The fallacy is in the premise that the discharge of the occupier's duty to warn by the plaintiff's actual knowledge necessarily discharges the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive knowledge. To extend the obvious danger doctrine to bar a plaintiff from recovery by negating a landowner's or occupier's duty to invitees to maintain his premises in a reasonably safe condition would be inconsistent with the philosophy of *Hoffman v. Jones*, 280 So. 2d 431 (Fla. 1973), that liability should be apportioned according to fault.

*Pittman v. Volusia Cty.*, 380 So. 2d 1192, 1193-94 (Fla. 5th DCA 1980) (footnotes omitted); *see also Fieldhouse v. Tam Inv. Co.*, 959 So. 2d 1214, 1216 (Fla. 4th DCA 2007) ("A plaintiff's knowledge of a dangerous condition . . . simply raises the issue of comparative negligence and precludes summary judgment.").

In an analogous case, *Lotto v. Point E. Two Condo. Corp.*, 702 So. 2d 1361, 1361 (Fla. 3d DCA 1997), plaintiff tripped and fell on a cracked and partially uneven sidewalk she had walked over many times. She sued the condominium association for negligence, alleging breach of both the duty to warn of the sidewalk's dangerous condition and the duty to maintain the cracked sidewalk in reasonably safe condition. *Id.* The condominium association acknowledged that the particular stretch of sidewalk had been in the same cracked, deteriorated condition for years, but claimed that the sidewalk's condition was not unreasonably dangerous and was so obvious that the association had no duty to warn plaintiff. *Id.* The trial court granted summary judgment in favor of the condominium association. *Id.*

On appeal, the Third District agreed the association did not have a duty to warn plaintiff of the sidewalk's condition under the circumstances—plaintiff had walked over the same stretch of cracked sidewalk several times previously and knew of its condition. *Id.* at 1362. Nevertheless, the court reversed the judgment based on the duty to maintain the premises:

> Here we are dealing with one of the sidewalks provided for the use of condominium residents on the condominium grounds. We think there remains a factual issue whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby.

*Id.*; *see also Burton*, 78 So. 3d at 735 ("A pothole is not a natural condition, nor does it create a reasonable risk of harm. A pothole forms when a landowner fails to maintain the property; it is a portion of pavement that has fallen into disrepair. A pothole's obvious nature does not make it, as a matter of law, a reasonably safe condition." (citation omitted)).

As in *Lotto*, the trial court granted summary judgment because Leon "assumed the risk" by continuing to use the cracked pathway despite her awareness of its deteriorating condition. Leon's knowledge, however, merely raised an issue of fact as to her own comparative negligence. *See Burton*, 78 So. 3d at 734. While the trial court properly entered summary judgment in favor of the landlords as to the duty to warn, it erred in granting summary judgment on the issue of failure to maintain. We remand this case for further proceedings on that issue.

*Affirmed in part; reversed in part and remanded.*

MAY and CIKLIN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***